GEORGE H. LAWRENCE *vs.* MORRIS B. BEARDSLEY ET AL.

Third Judicial District, Bridgeport, April Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A husband devised Blackacre and Whiteacre to his wife for her life,
with the full power to sell and convey the latter, and to use such
portion of the proceeds as she might deem necessary, for her sup-
port. Upon her death Blackacre was to go to the testator's two
sons during their lives, and also Whiteacre " if undisposed of."
The widow sold Whiteacre for $2,500, and before her death had
used $500 of the proceeds for her own support. *Held :*—
1. That neither son acquired anything more than a contingent interest
in Whiteacre, defeasible upon its sale by the widow, and took no
interest, under the will, in the proceeds of her sale.
2. That the widow was not the absolute owner of the $2,500 arising
from the sale, but that so much thereof as was not appropriated by
her to her own support continued to belong to her husband's estate,
and not being disposed of by his will, became intestate estate.

Argued April 19th—decided May 29th, 1901.

ACTION to establish the liability of the defendant as trustee,
and for an accounting, brought to the Superior Court in Fair-
field County where a demurrer to the complaint was over-
ruled (*Roraback, J.*), and the cause was afterwards tried to
the court, *Thayer, J.;* facts found and judgment rendered re-
quiring the defendant to account as trustee, and appeal by

him for alleged errors in the rulings of the court.  *Error,
judgment set aside and cause remanded.*

The material facts in the case are these : George Lawrence,
father of the plaintiff, died in 1879, leaving a will containing
the following provisions : " *Third.* I give, devise and bequeath
unto my said wife, Betsey, my homestead, No. 96 Nichols St.
in East Bridgeport, to use and occupy the same for and dur-
ing the period of her natural life.  I further provide that if
the premises, No. 95 Hallam St., in East Bridgeport, shall
not be sold before my death, that my said wife Betsey shall
have the use and occupancy of the same for and during the
period of her natural life.  And I do hereby give to my said
wife full power and authority to sell or dispose of said Hallam
St. property, giving good and sufficient deeds therefor, and I
give her permission to use any portion of the proceeds of
such sale that she may deem necessary for her support.  At
the death of my said wife, I give, devise and bequeath to my
two sons, George Henry and Alfred Edward Lawrence, for and
during the period of their natural lives, the use of the prop-
erty on Nichols St. and of the property on Hallam St., if un-
disposed of.  At the death of either of my said sons, I give,
devise and bequeath to the children of said deceased equally,
that portion of the above property of which their father had
the life use.  *Provided,* that if either of my said sons shall
die childless, the whole of said property shall go to my surviv-
ing son during his life, and then to his heirs."

The testator died seized and possessed of the Hallam Street
property, and his widow entered into possession of it under
his will.  In August, 1891, she sold the Hallam Street prop-
erty, and received therefor $500 in cash and a note for $2,000
payable to herself, secured by a mortgage on said property.
In June, 1895, she died, intestate, leaving said note and
mortgage among her other securities, and the defendant
Beardsley was shortly thereafter appointed administrator of
her estate.  Immediately upon her death, and before Beards-
ley had been appointed as her administrator, he took posses-
sion of said note and mortgage from the person with whom the
widow had lived.  Between the time he took such possession

and his appointment as such administrator, the attorney of the two sons of the testator "demanded of said Beardsley said note and mortgage and an accounting of their interest therein"; and a similar demand was made upon him after his appointment as administrator. Subsequently he represented the estate of the widow to be insolvent, and at his suggestion the attorney for the two sons of the testator presented their claim to said note and mortgage to the commissioners upon said estate, and said claim was disallowed, and from this disallowance no appeal was taken. Thereafter Beardsley filed his administration account, which was duly approved and allowed, showing a balance of $6,481.28 in his hands for distribution. This sum included the proceeds of said note and mortgage, which he had inventoried as part of said estate and had sold during his administration for $2,000. He still has said estate in his hands undistributed. One of the sons, Alfred, died childless January 12th, 1900, and the plaintiff is the only surviving child of said testator.

Upon these facts the trial court adjudged (1) that the defendant individually held the $2,000, as part of the proceeds of the sale of the Hallam Street property, as trustee for the plaintiff; (2) that he should account to the plaintiff for one half of the yearly income of said fund from the death of the widow to the death of Alfred; and (3) for the entire income from the death of Alfred "to such time as he shall legally discharge himself of his said trust."

From this judgment the present appeal was taken.

*Stiles Judson, Jr.,* and *Samuel F. Beardsley,* for the appellant (defendant).

*William H. Comley, Jr.,* for the appellee (plaintiff).

TORRANCE, J. The controlling question in this case is this: Did the plaintiff, under the will of his father, take any interest in the proceeds of the sale of the Hallam Street property? If he did not, then, without reference to the other questions raised by the reasons of appeal, the trial court erred in rendering the judgment complained of.

The language of the will bearing immediately upon this question is this: "At the death of my said wife I give . . . to my two sons . . . for and during the period of their natural lives, the use of the property . . . on Hallam St., *if undisposed of.*"

The plaintiff claims, in substance, that this gives to the two sons a life use in the Hallam Street property if it remains undisposed of at the death of the widow; and also, in the event of a sale of it by her under the will, gives to them a life use in such portion of the proceeds of such sale as may remain at her death unused by her for her support.

We think these words, "if undisposed of," as here used, mean if undisposed of at the death of the widow; for he had just given to her power "to sell or dispose of said Hallam St. property," and it is at her death that he gives the life use to his sons if the property is undisposed of. He gave the widow a life use in the Nichols Street property without the power to dispose of it, and so when he gives to his sons a life use in that at her death, it is given without any qualifying words; but having given his widow a life use in the Hallam Street property, and also full power to sell or dispose of that property, when he gives his sons a life use in that at the death of the widow, he adds the significant qualifying words, "if undisposed of." These words clearly imply that if the property should be disposed of by the widow by sale, the sons would take no interest in it under this clause of the will. In other words, under that clause the sons took a life interest in the Hallam Street property as real estate, conditioned upon the widow's failure to sell or dispose of it under the will; they took a contingent interest in that real estate, liable to be defeated by such a sale and conveyance of it. To read the clause here in question as giving to the sons a life use in the real estate if undisposed of by the widow, and also as giving to them a life use in the proceeds of a sale of it by her, is to do violence to the plainly expressed intent of the testator; it is to materially alter and add to the will rather than to construe it. The widow in her lifetime disposed of the Hallam Street property, and thereby defeated the contingent

interest given therein to the sons; and we think the fair construction of the will is that under it they took no interest whatever in the proceeds of that sale.

Under the will the widow had "permission to use any portion of the proceeds of such sale that she might deem necessary for her support." This language gives her power to use the entire proceeds if she deems them necessary for her support; but it does not, we think, make her the absolute owner of such proceeds, even though there is no gift over of such unused portion thereof as might remain at her death. Her power over the proceeds is ample for a certain purpose—her support—but it is after all a limited and restricted power, and not that of an absolute owner. We think that under the decisions of this court, the unused portion of the proceeds of the sale of the Hallam Street property at the death of the widow belonged, not to her estate, but to the estate of her husband, George Lawrence. *Mansfield* v. *Shelton,* 67 Conn. 390; *Little* v. *Geer,* 69 id. 411; *Adams* v. *Lillibridge,* 73 id. 655. The proceeds of the sale of the Hallam Street property amounted to $2,500. Upon the record in this case it appears that the widow used $500 of this amount for her support, and left $2,000 of it in the shape of a note and mortgage. This we think belongs to the estate of George Lawrence and is intestate estate, inasmuch as it is not disposed of in any way by his will.

The construction here put upon the third clause of the will in question, makes it unnecessary to consider the reasons of appeal specifically and in detail. Inasmuch as the plaintiff took under the will of his father no interest in the proceeds of the Hallam Street property, the court below erred in rendering the judgment complained of, and said judgment is set aside and the cause remanded to the Superior Court to be proceeded with according to law.

In this opinion the other judges concurred.