USE OF HARRIETT I. NEWLIN *vs.* MARY B. NAUDAIN ADAIR.

CLERKS OF COURTS—REVENUE STATUTE—FAILURE TO COLLECT COSTS—VALIDITY OF PROCEEDING.

23 *Del. Laws, c.* 60, abolishing the fee system and providing for compensation of public officers by salary, as supplemented by 24 *Del. Laws, c.* 245, prescribing the fees to be charged by the prothonotary, authorizing enforcement of payment by making refusal to pay a misdemeanor, and authorizing the prothonotary to demand an additional amount necessary to defray costs, upon the nonpayment of which he may refuse to perform the services, is primarily a revenue statute, and the failure or neglect of the prothonotary to collect costs for an official act, in view of the other penalties provided, does not make such act void.

(*September* 23, 1913.)

Judges CONRAD and WOOLLEY sitting.

*Robert Adair* for motion.

*Harry Emmons* opposed.

Superior Court, New Castle County, September Term, 1913.

ACTION SCIRE FACIAS (No. 23, September Term, 1913) to the use of Harriett I. Newlin against Mary B. Naudain Adair. On motion by defendant to quash a writ of *scire facias* on a judgment, upon the ground that certain fees had not been demanded or collected by the prothonotary in conformity with 23 *Del. Laws, c.* 60, regulating the payment and collection of fees in court proceedings. Motion refused.

See also, 3 *Boyce* 441, 84 *Atl.* 1028.

WOOLLEY, J., delivering the opinion of the court:

Upon leave being granted to appear specially, the defendant moved to quash the writ of *scire facias sur* judgment by which this action was instituted, upon the ground that before the writ was issued, fees upon the original judgment had accumulated and

remained unpaid, and at the time the writ was issued, neither the fees in arrear nor the fees for issuing the writ were demanded or collected by the prothonotary, and therefore the writ was improvidently issued.

The statute regulating the payment and collection of fees in court proceedings being *Chapter* 245, *Volume* 24, *Laws of Delaware*, is a statute that supplements another statute (*Chapter* 60, *Volume* 23, *Laws of Delaware*) providing for the compensation of public officers by salaries instead of fees, thereby abolishing what was known as the "fee system" and establishing in its stead what is known as the "salary system". The effect of these statutes upon officers and fees is to cause public officers to be paid directly from the public funds and to divert the fees from the public officers to the public fund.

As fees ceased to be the property of the officers who collected them, they became a part of the public revenue, to enforce as well as to secure the collection of which the statute first cited was enacted. This statute provides that "the following fees shall be charged by the prothonotary," indicating the fees to be charged for services of all classes performed by that officer. The statute resorts to two methods of enforcing the payment of the fees so directed to be charged. The first is to make a "neglect or refusal to pay the fees provided for by this act, for any service or services performed, * * * " a misdemeanor. By the second method it is provided that "before any suit, action or other proceeding is instituted in the Superior Court the prothonotary shall demand and receive the sum of ten dollars, as a deposit of guaranty for the payment of the fees and costs in his office, and he shall apply said sum of ten dollars from time to time in payment of such fees and costs in his office; * * * provided that if said sum of ten dollars is expended in the payment of the fees and costs in his office as said fees and costs accrue from time to time, the prothonotary shall demand and receive a sufficient amount, which shall be necessary, in his judgment, to defray the fees and costs for additional service or services, before any such additional service or services shall be performed by him."

The statute is primarily a revenue statute, and contemplates

the payment of all costs for all services to be rendered. To that end it provides for an original deposit to cover costs upon instituting an original proceeding, and for the maintenance of a fund, increased from time to time, sufficient to meet the increased costs of interlocutory and final proceedings. These costs constitute revenue, the collection of which has now become a part of the official duties of the prothonotary. He may enforce the payment of costs for services demanded by refusing to perform the same until the fees therefor are paid, and he may enforce the payment of costs for services rendered since the enactment of the statute, by refusing to perform any new services demanded in the same case, until the costs in arrear are paid. Any other ruling would permit a prothonotary, by neglect, to defeat the revenue feature of the statute.

While it is within the power of the prothonotary to refuse to render an official service until the costs thereby or theretofore incurred are paid, we are of opinion that the failure or neglect of the prothonotary to collect costs for an official act does not thereby make that act void. The penalties provided by the statute for the nonpayment of costs comprehend the institution of a criminal procedure and the withholding of a further right of civil proceeding, but do not extend to making void an act done, though not paid for.

The motion to quash the writ is refused.