WILLIAM H. BLODGETT, TAX COMMISSIONER, *vs.* THE UNION AND NEW HAVEN TRUST COMPANY, TRUSTEE.

Third Judicial District, Bridgeport, April Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

An irrevocable grant of a remainder interest in personal property is a present transfer of it to the remainderman; and the question whether such a transfer is taxable or not, logically depends upon the terms of the succession-tax statute which was in force when the transfer took place.

Whether the legislature could constitutionally lay a tax upon a transfer of a remainder interest which had already vested in point of right—though not in enjoyment—before the statute was passed, *quære.*

In the present case an owner of securities, by a deed of trust, transferred them in April, 1915, to the defendant, with the usual powers of sale and reinvestment, in trust to pay the income of the fund to the grantor during her life, and at her death to deliver the fund itself to her daughter, or, if the grantor should survive her daughter, to the executor of the daughter's will. The defendant accepted the trust, received the securities, and paid the income to the grantor until her death in January, 1921. *Held:*—

1. That the Act of 1913 (Chap. 231, § 2), which was in force at the date of the transfer in April, 1915, applied to the case, and not the Act of 1915 (Chap. 332, § 3), which took effect thereafter.

2. That the phrase "gift to take effect at death," in the Act of 1913, evidently meant a gift *in futuro* to take effect at death, of an interest in property possessed by the decedent at his death; and that inasmuch as the gift in question was a gift *in præsenti* of property in which the decedent had no interest at her death, the transfer was not taxable under the Act of 1913.

In 1915 the legislature changed the statute by making it apply to any grant or gift of property intended to take effect "in possession or enjoyment " at the death of the grantor or donor. *Held* that the words quoted marked the difference between a tax on the privilege of succeeding to the property of a decedent, and a tax on the privilege of succeeding to the possession and enjoyment of property which the decedent had conveyed away during his lifetime reserving only a right to the income during his own life; and that in reinserting these words in the statute in 1915—after they had been dropped in 1897—the legislature must be presumed to have acted intentionally and with full knowledge of the difference between the two statutes.

Argued April 13th—decided May 5th, 1922.

APPEAL by the Tax Commissioner from an order and decree of the Court of Probate for the district of New Haven adjudging that a certain fund transferred by its owner to the defendant in trust in April, 1915, was not subject to any State tax, taken to and reserved by the Superior Court in New Haven County, *Hinman, J.,* upon an agreed statement of facts, for the advice of this court. *Judgment advised for appellee (defendant).*

On April 8th, 1915, Elizabeth F. King of New Haven executed, and on April 12th delivered to the Union & New Haven Trust Company, a deed of trust whereby she transferred to the Trust Company described se-

curities of the par value of $134,000, with the usual powers of sale and reinvestment, upon trust to pay the income of the fund to the settlor for life and at her death to deliver the fund to her daughter, Jessie Shuttleworth, or, if the settlor survived her daughter, to the executor named in her daughter's last will. The Trust Company accepted the trust, received the securities, and paid the income thereof to the settlor during her life. Elizabeth King died domiciled in the town of New Haven on January 26th, 1921. Jessie Shuttleworth, named in the trust deed as the remainderman, survived her mother and is now living. The Trust Company, as administrator *c. t. a.* of the estate of Elizabeth King, applied to the Court of Probate for the district of New Haven to determine whether the fund in its hands, and accrued income, was liable to a succession tax. The Court of Probate, after notice to the Tax Commissioner, who appeared and was heard, decreed that the fund was not liable to such a tax, and from that decree the Commissioner appealed to the Superior Court, which has reserved the question for the advice of this court.

*Carlos S. Holcomb,* with whom, on the brief, was *Frank E. Healy,* Attorney-General, for the appellant (plaintiff).

*Edmund L. Mooney* of New York City, and *James Dwight Dana,* for the appellee (defendant).

BEACH, J. Chapter 231 of the Public Acts of 1913, which was the succession-tax statute in force when the trust deed was executed and delivered, provided, in § 2, that "all property within the jurisdiction of this State and any interest therein, tangible or intangible, possessed by any resident of this State at the

time of his decease, and all tangible property within this State possessed by a nonresident at the time of his death, which shall pass by gift to take effect at death, by will, or by the inheritance laws of this State, to any person, corporation, voluntary association, or society, in excess of the exemption hereinafter set forth, shall be liable to a tax to the State," etc.

The corresponding section of the Public Acts of 1915 (Chap. 332, § 3), which became effective subsequent to the execution and delivery of the deed of trust, provides that "all property owned by any resident of this State at the time of his decease, and all property within this State owned by a nonresident at the time of his decease, which shall pass by will or by the provisions of the general statutes relating to the distribution of intestate estates, and all property of such decedent which shall pass by deed, grant, or gift, made in contemplation of the death of the grantor or donor, or intended to take effect in possession or enjoyment at the death of such grantor or donor, shall be liable to a tax as hereinafter provided."

The question first to be considered in logical sequence, is whether the taxing statute applicable to the trust fund is the Act of 1913, which was in force when the deed and the securities were delivered to the trustee, or the statute of 1915, which came into effect after the establishment of the trust, but before the settlor's death. As to this point we are of opinion that the Court of Probate was right in holding that the applicable statute was that of 1913, for the reason that the trust deed was absolute and irrevocable. One possible contingency, indeed, remained open, on the happening of which the fund might have reverted to the settlor; namely, the death, intestate, of Jessie Shuttleworth in Mrs. King's lifetime. That contingency, however, was preventable by Mrs. Shuttle-

worth and was entirely beyond Mrs. King's control, so that the settlor cannot be said to have retained any property in or control over the fund beyond her reserved right to the income thereof for life. In that respect the instant case differs sharply from the decided cases in which the settlor reserved the power to revoke the transfer during his lifetime. In the latter class of cases it is necessarily held that the transfer is ambulatory and does not take effect as a transfer of the remainder interest until the grantor dies without revoking it. *Matter of Dana Co.*, 215 N. Y. 461, 109 N. E. 557; *Lines' Estate*, 155 Pa. St. 378, 26 Atl. 728. On the other hand, an irrevocable grant of a remainder interest, is a present transfer of it to the remainderman, and since a succession tax is a tax on the transfer and not on the property, the question whether any particular transfer is or is not taxable should logically depend on the terms of the statute in force at the time when the transfer takes place. Whether the legislature might constitutionally lay a succession tax upon a transfer of a remainder interest which had already vested in right before the statute was passed, is a question which we need not discuss any further than to observe that the intent to lay a retroactive tax ought to be manifested by very plain and explicit words, and that we find no expression of that intent in the Act of 1915. Our conclusion, that the applicable taxing statute is that which was in force when the irrevocable trust deed was delivered, agrees with the decisions in other jurisdictions. *Matter of Webber*, 151 N. Y. App. Div. 539, 136 N. Y. Supp. 83; *In re Craig's Estate*, 97 N. Y. App. Div. 289, 89 N. Y. Supp. 971, affirmed 181 N. Y. 551, 74 N. E. 1116; *Executors of Eury* v. *State*, 72 Ohio St. 448, 74 N. E. 650; *Keeney* v. *New York*, 222 U. S. 525, 537, 32 Sup. Ct. 105.

The next question is whether this transfer was tax-

able under the law of 1913. The phrase "gift to take effect at death," in its context, evidently means a gift *in futuro* to take effect at death, of an interest in property possessed by the decedent at the time of his death. The gift in question was a gift *in præsenti* of the remainder interest in property of which the decedent reserved no more than a life interest which was extinguished by her death. It was a gift *inter vivos,* and it cannot be brought within the statute of 1913 unless we read into the Act the qualifying and enlarging phrase afterward inserted by the amendment of 1915, "in possession or enjoyment." These words mark the difference between a tax on the privilege of succeeding to the property of a decedent, and a tax on the privilege of succeeding to the possession and enjoyment of property which the decedent has conveyed away during his lifetime reserving only a right to the income during his own life. Nobody doubts the right of the State to tax the privilege of succeeding to the possession and enjoyment of property under what the United States Supreme Court has called "artificial and technical estates with limitations over " (*Keeney* v. *New York,* 222 U. S. 525, 32 Sup. Ct. 531); but, on the other hand, nobody can doubt that the General Assembly and its financial advisers understood very well the difference between a gift to take effect at death, and a conveyance *inter vivos* reserving a bare life interest. This is all the more certain because our first collateral inheritance-tax Act of 1889 recognized the difference by imposing a tax on gifts "intended to take effect in possession or enjoyment after the death of the grantor." In 1897 the four words "in possession or enjoyment" were dropped out of the statute, and the tax was limited to gifts "to take effect upon the death of the grantor or donor"; and it was not until 1915 that the scope of the Act was again enlarged by reinserting the words "in possession

or enjoyment." Since the taxing power of the General Assembly, within its constitutional limitations, is plenary, we must assume that these variations in phraseology were intentional and adapted to the changing financial necessities of the State.

We find nothing in § 12 of the Act of 1913 which enlarges the scope of § 2. Section 12 declares that all transfers and alienations of real or personal estate by deed, grant, or other conveyance "to take effect upon the death of the donor or grantor, shall be testamentary gifts within the meaning of this Act for taxation purposes." The use of the phrase "testamentary gifts " as synonomous with gifts "to take effect at death," rather emphasizes the intent to confine the tax to gifts *in futuro;* and the same intent is further emphasized by the concluding phrase of § 12 forbidding any executor, administrator, or bailee having possession of any such conveyance to "deliver the same " until the tax is paid. Under the rule that the enumeration of subjects of taxation excludes what is not enumerated, this latter phrase would seem to exclude rather than to include irrevocable conveyances which had already taken effect by delivery before the death of the grantor.

The Superior Court is advised to render judgment for the appellee.

In this opinion the other judges concurred, except GAGER, J., who concurred in the result, but died before receiving the opinion.