Ida Bryant, Executrix, et al. (Estate of Waldo C. Bryant) *vs.* William H. Hackett, Tax Commissioner.

William H. Hackett, Tax Commissioner, *vs.* Estate of Helen Klemm Eastwick.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued January 3d—decided March 7th, 1934.
Argued December 6th, 1933—decided March 7th, 1934.

*David S. Day* and *Norman K. Parsells,* for the appellant.

*Farwell Knapp,* with whom, on the brief, was *Warren B. Burrows,* Attorney-General, for the appellee.

*Farwell Knapp,* with whom, on the brief, was *Warren B. Burrows,* Attorney-General, for the plaintiff.

*Charles P. Northrop,* of New York, with whom was *J. Gerald Hannon,* for the defendant.

MALTBIE, C. J.   In certain respects these two cases present similar questions and they can best be discussed together.

The first case concerns a succession tax imposed upon the estate of Waldo C. Bryant.   On July 2d, 1917, Mr. Bryant, a resident of Bridgeport in this State, entered into a trust agreement with the Bankers Trust Company of New York, under which he transferred to it certain securities, of the value at the time in excess of $700,000, to be held by it in trust.   The agreement provided, in brief, that the company should hold, invest and reinvest the property and pay the income to Mr. Bryant's wife, Ida, for her life and upon her death to him; that upon the death of the survivor, unless the agreement had been modified or revoked, the trustee should transfer the principal of the trust fund to the executors or administrators of Mr. Bryant's estate; that all investments and reinvestments were to be made at the direction of Mr. Bryant and his wife or the survivor, unless they failed on request to give the trustee instructions, in which event it might act as it deemed advisable; that Mr. Bryant might add other investments to the principal; and that Mr. Bryant and his wife or the survivor of them might at any time modify or revoke the agreement in whole or in part, by an instrument in writing, which should direct the disposition of the fund or the part affected.   Except for a modification made by them which is in no way material to the issues before us, this agreement was in force at the death of Mr. Bryant on July 5th, 1930.   His wife survived him. The Court of Probate decreed that "the remainder interest of Ida Bryant in . . . the property" was liable to a succession tax, and an appeal was taken to the Superior Court and reserved to this court.   The tax commissioner does not contend that the life interest

of Mrs. Bryant in the income of the fund is taxable, but that the remainder interests in the principal are taxable and we assume that to be the effect intended by the decree of the Court of Probate.

The second case concerns the imposition of a succession tax upon the estate of Helen Klemm Eastwick, a resident of Greenwich in this State. On June 23d, 1928, Mrs. Eastwick entered into an agreement with the United States Trust Company of New York transferring to it as trustee certain securities of the value at the time in excess of $100,000. The trustee was to hold and invest the property during the joint lives of Mrs. Eastwick and her husband, Edward P. Eastwick, Jr., and the survivor of them and to pay the income to Mr. Eastwick during his life and upon his death to Mrs. Eastwick. Upon the death of the survivor, the trustee was to transfer the principal to such person or persons and upon such terms as Mr. Eastwick might direct in his will, and if he died without having effectually exercised the power of appointment in whole or in part, the trustee was to transfer the property to the three daughters of Mr. and Mrs. Eastwick, the issue of any deceased daughter to take the share the parent would have taken, but if any of the daughters died without issue, then her share was to go to her sisters, the issue of a deceased sister to take the share the parent would have taken if then living. If any person became entitled to a share in the fund while under the age of twenty-one, the trustee was to retain the share for the benefit of such person until he or she reached the age of twenty-one when it was to be transferred to him or her. After Mrs. Eastwick's death Mr. Eastwick might revoke the trust in whole or in part and any property thereby released was to be disposed of as a part of Mrs. Eastwick's residuary estate. The trustee was to retain

the securities received unless requested by Mr. and Mrs. Eastwick or the survivor to sell them; in the event of a sale, the proceeds were to be invested in securities authorized for trust investments or in such other property as they or the survivor of them might direct. Mrs. Eastwick died December 23d, 1930, leaving her husband surviving her. The Court of Probate decreed that no succession tax was due upon the transfer of the property under the agreement, the tax commissioner appealed to the Superior Court and the case has been reserved to this court.

In the Bryant case we are asked to determine what statute governing succession taxes is applicable, that in effect when the fund was transferred to the trustee on July 2d, 1917, or that in effect when Mr. Bryant died, July 5th, 1930. In *Blodgett* v. *Union & New Haven Trust Co.,* 97 Conn. 405, 116 Atl. 908, we had before us a somewhat similar question. There property had been placed in trust to pay the income to the settlor for her life and at her death to deliver the principal to her daughter or if the settlor survived the daughter to the executors of the daughter's estate; the daughter did survive the settlor and we held the applicable law to be that in effect when the trust was created. We treated the interest of the daughter under the instrument as a vested remainder and, without considering the question whether the law in effect at the settlor's death might constitutionally have been made applicable as regards the gift to her, we placed our decision (p. 409) upon the familiar principle that a law will not be given retroactive effect unless the legislature has manifested such intent "by very plain and explicit words." The succession tax law in effect when Mr. Bryant died divided the transfers to which it was applicable into four distinct classes: Those made (a) by will; (b) by the statutes

of descent and distribution; (c) in contemplation of the death of the transferor; and (d) by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor. Public Acts, 1929, Chap. 299, § 2; General Statutes, § 1361. In the same law it is provided that its provisions should apply "to all taxable transfers if the death of the transferor shall have occurred on or after July 1, 1929, except that, in the case of gifts made in contemplation of death, the statute in force at the time of the completion of such gift shall govern." Public Acts, 1929, Chap. 299, § 41; General Statutes, § 1400. The exception applies to transfers falling within class (c) of those enumerated in § 1361, and we cannot, without departing from the intention clearly expressed by the language of § 1400, include within that exception gifts within class (d), intended to take effect in possession or enjoyment at or after the death of the transferor. We have, then, an explicit declaration of a legislative intent that the taxability of such a transfer should be determined by the provisions of the Act of 1929. If this is a valid provision as applied to the situation before us, we must apply that Act to determine the taxability of the transfers involved in this case.

The question, as to which there has been much disagreement in the courts, as to the constitutionality of the application of a statute imposing a tax upon transfers intended to take effect in possession and enjoyment at or after the death of the transferor, where the transfer was made before a statute took effect but the death of the transferor occurred thereafter, has been in part determined by the decision of the Supreme Court of the United States in *Coolidge* v. *Long*, 282 U. S. 582, 51 Sup. Ct. 306. In that case the court had before it certain voluntary deeds of trust, by the

terms of which the income of the property transferred was to be paid to the settlors during their joint lives, then to the survivor of them, and at the death of the survivor the principal was to be divided equally among the settlors' five sons, but with a provision that if any of them should predecease the survivor of the settlors his share should go to those entitled to take his estate as intestate property under the statute of distributions. It was pointed out in that case that no power to revoke or modify the trust agreement was reserved, and the opinion stressed the fact that it created in the sons vested remainders in the property, subject only to being divested in the event that any of them died before the settlors; and it held that, to apply to these interests a statute enacted after the trusts were created imposing a tax upon property passing by deed, grant or gift made or intended to take effect in possession or enjoyment at or after the grantor's death would be to violate the guaranties of the Constitution of the United States.

The transfer before us does not fall within that decision, because the trust agreement here in question created no vested rights aside from the life uses provided for. If the agreement was not revoked or modified, the remainder interests would pass to the executors or administrators of Mr. Bryant, that is, to those entitled to receive his estate under the statute of distributions; and who these would be could only be ascertained at his death. If the agreement were revoked before his death, the property might pass as a part of his estate to those entitled to receive that estate at his death or he might dispose of it before his death. If the agreement was revoked after his death, the property would pass as a part of his estate. Either before or after his death, the agreement might be so modified that the principal of the property would pass

to persons whose identity could in no way be foreseen; while after the death of Mr. Bryant, Mrs. Bryant might no doubt so modify the agreement as to vest in her an immediate right to receive the property and it could not be known until after his death whether or not she would do this. It is essential to constitute a vested right in contradistinction to one that is expectant or contingent, that the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. *Pearsall* v. *Great Northern Ry. Co.,* 161 U. S. 646, 673, 16 Sup. Ct. 705; *Gaffney* v. *Shepard,* 108 Conn. 339, 344, 143 Atl. 246; *State Bank & Trust Co.* v. *Nolan,* 103 Conn. 308, 330, 130 Atl. 483; *Presbytery of Jersey City* v. *First Presbyterian Church,* 80 N. J. L. 572, 577, 78 Atl. 207. The trust agreement before us created no vested rights beyond those of Mr. and Mrs. Bryant to receive the income of the property until the death of the survivor or until the agreement was revoked or so modified as to terminate their rights.

The opinion of the majority of the court in *Coolidge* v. *Long* rests largely upon the fact that the succession and interests of the five sons were complete when the trust was created and the death of the settlors was in no sense a generating source of any right in them. In the instant case, the agreement not having been revoked or substantially modified, at the death of Mr. Bryant his heirs at law became certain and each of them then acquired an interest in remainder, subject to the life use of Mrs. Bryant and subject to being divested should she revoke the trust or so modify it as to change or destroy that interest. *Gaffney* v. *Shepard, supra,* p. 345; *Allen* v. *Almy,* 87 Conn. 517, 523, 89 Atl. 209; *White* v. *Smith,* 87 Conn. 663, 89 Atl. 272. Before Mr. Bryant's death, the only persons

who could look forward to receiving the property at the termination of the life uses were those who might anticipate that they would become his heirs at law, and they had a mere expectancy; by his death those who were in fact his heirs at law acquired definite property rights in the principal of the fund. His death had, therefore, a definite and certain effect upon the rights of those who, subject to a possible later divestment, would receive the principal of the trust fund.

If the test of the constitutionality of the application of a statute passed after property had been transferred upon such a trust but before the death of the transferor, be the fact that that death must be the generating source of a right in the remainder (see *Coolidge* v. *Long, supra,* p. 597) that condition is met in this case. If the ground of unconstitutionality of the imposition of the tax in such a case be, as suggested in *Milliken* v. *United States,* 283 U. S. 15, 21, 51 Sup. Ct. 324, the fact that the payment of a tax imposed upon the remainder interest at the death of Mr. Bryant, not fairly to be anticipated by him when the trust was created, might result in unfairly depleting the assets of his estate, such a situation is not possible under the statute of 1929 because, unless the will of the transferor otherwise provides, that statute imposes the payment of the tax upon the property passing to the beneficiary; Public Acts, 1929, Chap. 299, § 29; General Statutes, § 1388; and provisions are made for the protection of the interests of those having rights subject to defeasance. Public Acts, 1929, Chap. 299, §§ 13 to 17, 29; General Statutes, §§ 1372 to 1376, 1388. Certainly the imposition of the tax upon rights accruing subsequent to the statute becoming effective is not so arbitrary and inequitable in itself as to be in violation of constitu-

tional guaranties. While our research has not brought to light many decisions upon the right of a legislature to impose a tax upon contingent interests which, though having their origin in transfers made before the law becomes effective, vest in right thereafter, such relevant cases as we have found support the conclusion that the law may be validly so applied. See *Carter* v. *Bugbee,* 92 N. J. L. 390, 106 Atl. 312; *Stanback* v. *Citizens National Bank,* 197 N. C. 292, 296, 148 S. E. 313; *Estate of Potter,* 188 Cal. 55, 204 Pac. 826; *People* v. *Carpenter,* 264 Ill. 400, 410, 106 N. E. 302; *Commonwealth* v. *Herbert,* 127 Va. 291, 295, 103 S. E. 605. *In re Craig's Estate,* 89 N. Y. Sup. 971, affirmed 181 N. Y. 551, 74 N. E. 1116, is not an authority to the contrary; even if the interest then in question was contingent when the transfer was made, it had become vested by the happening of the contingency before the statute in question became effective. See *Coolidge* v. *Long, supra,* p. 603. Our conclusion is that the taxability of the remainder interests in the Bryant case before us is to be determined by the law in effect when Mr. Bryant died in 1930, that is, the Act of 1929.

Counsel for the Bryant estate base much of their argument against the imposition of the tax upon the premise that the intent of the provision imposing a tax upon transfers intended to take effect in possession or enjoyment at or after death is to impose that tax where the transfer is testamentary in its nature, as in a case in which by reason of a control over the property reserved by the transferor or otherwise he continues to have dominion over it, so that, when upon his death the property passes, it is in effect a transfer of his own property. But the scope of this provision in the statute is broader than that. In *Blodgett* v. *Guaranty Trust Co.,* 114 Conn. 207, 219, 158 Atl. 245,

we pointed out that the legislative intent was to reach for purposes of taxation the shifting of the enjoyment of property, the "economic benefit" thereof or the "economic interest" therein, from a former owner at his death, even though such shifting of enjoyment followed necessarily from a prior transfer of title *inter vivos;* that the policy of the law is that the owner of property shall not defeat or evade the tax upon inheritances by any form of conveyance or transfer where at or after death the income, profit or enjoyment inures to the benefit of those who are not exempt. This purpose and policy might be as completely defeated by a transfer of property in such a way that the owner has parted with all control and dominion over it as by one where he reserves such control. Such a reservation might perhaps make taxable a transfer which otherwise would not be, but the lack of it does not prevent the taxation of transfers falling within the terms of the statute. Nor can any valid distinction be made between cases where, as in those before us in the *Guaranty Trust Co.* case, the transferor, by an irrevocable grant, transferred property with a reservation of a life use to himself and those where, by a like grant, he gives the life use to another with remainder over. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations and Taxation,* 267 Mass. 240, 166 N. E. 729; *Coolidge* v. *Commissioner of Corporations and Taxation,* 268 Mass. 443, 167 N. E. 757; *In re Cruger,* 66 N. Y. Sup. 636, affirmed 166 N. Y. 602, 59 N. E. 1121; Rottschaefer, 14 Minnesota Law Review, 488. Where in previous decisions we have referred to situations in which the decedent reserved to himself a life use, it has not been with a view to restricting the statute to such cases, but because that was apt language in view of

the particular circumstances we were then considering.

Our previous discussion as to the effect of the deed of trust in the Bryant case, as regards the remainder interests, makes it clear that those interests could only take effect in possession or enjoyment at or after the death of Mr. Bryant. His intent to create interests of that nature finds its complete expression in the trust agreement. These remainder interests fall fully within the intent of the legislature expressed in clause (d) of § 2 of the 1929 Act, General Statutes, § 1361, imposing a tax upon transfers "by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor." It is true that this clause is followed by a provision that "a transfer of property in respect of which the transferor reserves to himself a life income or interest shall be construed prima facie to have been intended to take effect in possession or enjoyment at death." This provision certainly was not intended to express a narrower legislative intent than that found in the operative words quoted from clause (d), but it is evidently a device intended to facilitate the administration of this feature of the law, and perhaps to make it more difficult to evade the law in a case where a grantor does not in the agreement of transfer give full expression to his intent in making it. Cf, cases in note, 49 A. L. R. 866. The life uses created by the agreement are not taxable. *Dexter* v. *Treasurer and Receiver General,* 243 Mass. 523, 137 N. E. 877; *Dolan's Estate,* 279 Pa. St. 582, 589, 124 Atl. 1176; *People* v. *Northern Trust Co.,* 324 Ill. 625, 155 N. E. 768; *In re Dunlap's Estate,* 199 N. Y. Sup. 147. The remainder interests consequent upon those life estates are taxable.

In the Eastwick case, the tax commissioner has been

content to rest his claim upon the provisions of the statute in effect when the transfer of property was made, Chapter 83 of the Public Acts of 1927, and counsel for the estate agree that this is the applicable statute. The effect of the 1927 Act differed in no respect material to the issues of this case from that of 1929 which, as a part of the Revision of 1930, was in effect when Mrs. Eastwick died, December 23d, 1930, and the terms of which we have been discussing. It is true that the 1927 Act imposed a tax upon "all property . . . owned by a resident of this State at the time of his decease . . . which shall pass by will" or the statute of distributions "and all . . . such property" of any such decedent which shall pass "by deed, grant or gift . . . made in contemplation of the death of the grantor or donor, or intended to take effect in possession or enjoyment at or after the death of such grantor or donor." As we pointed out in *Blodgett* v. *Union & New Haven Trust Co.*, 97 Conn. 405, 410, 116 Atl. 908, the purpose of the latter provision was to impose the tax where by a transfer *inter vivos* the decedent had conveyed away his property during his life. Obviously, if the fundamental intent of the legislature as expressed in this provision of the law is to be given effect, the use of the words "such property" cannot be taken to mean property owned by the decedent at his death and we must construe the statute as intended to include situations where the ownership of the property had passed from him during his life. The purpose was the same as that more precisely expressed in the Act of 1929 we have previously discussed. We shall, however, assume that the Act of 1927, so construed, did apply and discuss the case accordingly.

What we have said as to the Bryant case largely determines the issues in this case. The life estate

provided by the trust agreement certainly could not end before the death of Mrs. Eastwick and might not, until after her death; thus, if her husband survived her, his life use would continue until his death or he revoked the trust, a right given him only in the event of his surviving her. The agreement expresses an intent that, should he survive her, remainder interests would come into being which could be possessed or enjoyed only after her death. While it is true that, should he die before her, having exercised by his will the power of appointment given him, vested interests in his appointees might have arisen, that situation did not happen and, as stated by Judge Cardozo in *Matter of Schmidlapp,* 236 N. Y. 278, 286, 140 N. E. 697, "we are to view the sequence of events in the order of the actual rather than the possible." After Mrs. Eastwick died, Mr. Eastwick had the power of determining who should receive the property, either by revoking the trust in whole or in part or by some provision in his will. As in the Bryant case, no one, when Mrs. Eastwick died, even her daughters, had more than an expectancy and there were no persons with vested rights to the property; *Lawrence* v. *Beardsley,* 74 Conn. 1, 4, 49 Atl. 190; so that there could be by no possibility anyone who could possess or enjoy it until some time thereafter. The remainder interests fell within the intent of the legislature in imposing a tax upon gifts intended to take effect in possession or enjoyment after the death of the donor.

Both of the funds transferred consisted almost wholly of bonds, United States, State, municipal and corporate. In the case of the Bryant estate, while the transfer was made to a New York corporation as trustee, it does not appear whether the securities were held by it in New York thereafter and until Mr. Bryant's death, although the parties seem to assume

that to be so. In the case of the Eastwick estate, it is stipulated that at the time the agreement was made the securities were delivered to the New York corporation made trustee of the fund and at all times thereafter have been in its custody in New York State. It is contended on behalf of the estates that the physical presence of the securities in New York State prevents their being taxed in Connecticut. The law is now settled that, as regards securities of the nature of those involved in these cases, the maxim *mobilia sequuntur personam* applies and the State wherein the decedent resides at his death may impose a tax upon the succession to them consequent upon that death. *Blodgett* v. *Silberman,* 277 U. S. 1, 48 Sup. Ct. 410; *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, 50 Sup. Ct. 98; *First National Bank* v. *Maine,* 284 U. S. 312, 52 Sup. Ct. 27. In *Blodgett* v. *Guaranty Trust Co.,* 114 Conn. 207, 221, 158 Atl. 245, we held that this principle applied to transfers intended to take effect in possession or enjoyment at or after the death of the transferor. It is true that in the cases then before us the transfers held subject to the tax became effective in possession or enjoyment at the death of the transferor, but the same principle applies when the transfers are intended to take effect in possession or enjoyment after the death of the transferor. *Keeney* v. *New York,* 222 U. S. 525, 32 Sup. Ct. 531. The fact that the securities involved in the transfers before us were physically in the State of New York at all times after the trust agreements were executed, is not a bar to the imposition of a tax.

In the case of the Bryant estate, our answer to the questions propounded is that the taxability of the transfers is to be determined by the statute in effect at Mr. Bryant's death, that its application will not offend against any provision of the United States Con-

stitution and that the remainder interests in the principal of the fund consequent upon the termination of the right of Mrs. Bryant to receive the income are taxable within the intent of that statute.

In the case of the Eastwick estate, our answer to the questions propounded is that the transfer of the remainder interests in the principal of the fund consequent upon the termination of Mr. Eastwick's right to receive the income constitutes a gift intended to take effect in possession or enjoyment after the death of the donor within the meaning of the statute, that they are subject to a tax and that the imposition of the tax does not offend against any provision of the United States Constitution.

No costs will be taxed in this court in either case.

In this opinion the other judges concurred.