KINGS COUNTY TRUST COMPANY, AS EXECUTOR OF AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF CHARLES D. EDMONSTON, DECEASED, PETITIONER-DEFENDANT, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, RESPONDENT-PROSECUTOR.

Argued May 3, 1938—Decided November 5, 1938.

Before Justices CASE, DONGES and PORTER.

For the petitioner-defendant, *John D. McMaster.*

For the respondent-prosecutor, *David T. Wilentz,* attorney-general (*William A. Moore,* of counsel).

The opinion of the court was delivered by

PORTER, J. This *certiorari* brings before us for review a decree of the ordinary by which there was set aside a certain part of the inheritance tax assessed and paid In the Matter of the Estate of Charles D. Edmonston, deceased, and directing that there be a refund thereof.

It appears that the deceased died testate November 6th, 1934, a resident of this state, and seized and possessed of real and personal property subject to transfer inheritance tax by this state.

It further appears that on April 10th, 1929, while a resident of New York State, the decedent created a trust by written instrument under which he transferred cash and securities to the Title Guarantee and Trust Co., a corporation of New York, and to himself, in trust with the provision that the income be paid to his mother-in-law and upon her death to him for the benefit of his wife, the remainder to himself if living and, if deceased, to the trustees of the Masonic Hall and Asylum Fund. The power to alter, amend or revoke the trust was expressly reserved in the donor. The deceased donor became a resident of this state late in 1930 or early in 1931 and so remained until his death. On two different occasions during his residence here he exercised his right to amend the terms of the trust and withdrew portions of the trust property for his own use and purpose, thus decreasing the *corpus* of the fund.

The trust as thus amended was in effect at the date of the death of the donor, he not having exercised his power of revocation. The trustee was a corporation of the State of New York. The trust property consisted of cash and mort-

gages on real property located in the State of New York. None of the trust property was ever located in the State of New Jersey, but was at all times in the possession of the trustee within the State of New York.

The petitioner submitted a transfer inheritance tax return to the respondent who duly assessed a tax which included tax claimed to be due on the trust estate in question. There followed certain negotiations between the parties which resulted in certain compromises or adjustments as to the amount of tax due, with which we are not concerned. Suffice it to say that the tax found due was duly paid. Later the petitioner applied to the respondent for a refund of the tax assessed and paid on the said trust fund, which claim was duly rejected. Proceedings were then instituted in the Prerogative Court by the petitioner alleging that the said tax was paid under protest and in error and praying for a decree ordering the respondent to refund the said tax claimed, with interest.

The learned vice-ordinary who heard the matter decided that the state was without authority to assess a tax on the property constituting the *corpus* of the said trust and further, that the tax so paid be refunded.

The decree entered in pursuance with these conclusions is before us for review.

The Transfer Inheritance Tax statute, chapters 33 and 34 of the Revised Statutes, provides that taxes shall be imposed upon the transfer of property of the value of $500 or over. "Where real or tangible personal property within this state of a resident of this state or intangible personal property wherever situate of a resident of this state or real or tangible personal property within this state of a non-resident, is transferred by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death." *Rev. Stat.* 54:34-1, ¶ 4.

Under this broad and comprehensive language we conclude that a tax accrued on this trust fund as found by the respondent.

The contention of the petitioner is that the State of New Jersey lacked power and jurisdiction to tax this trust fund for the reason that the property was located outside the state and was transferred to the trustee by a non-resident of this state. The case of *MacClurkan* v. *Bugbee,* 106 *N. J. L.* 192; 150 *Atl. Rep.* 443, is relied upon. That case is distinguishable from the case at bar in what seems to us a vital particular; to wit, there the trust was an irrevocable one while here it is revocable. It will be noted that emphasis is laid over and over again in the MacClurkan opinion, that it was an irrevocable trust and that the decedent had no power of revocation, care or custody over the fund whatsoever.

The situation here is radically different because the donor could revoke the trust in whole or in part. He exercised complete control and dominion over it. In fact he did, as above noted, exercise control by reducing the amount of the trust fund twice since becoming a resident in this state. Therefore it seems to us that he was never divested of this fund, but was in as complete control over it as he was of his other property not the subject of the trust instrument. In that status it passed upon his death under the conditions of the terms of the trust deed and under our statutes that is the test of taxability. In other words, the *corpus* of this trust fund took effect "in possession or enjoyment" at the death of the donor. *In re Fosdick,* 102 *N. J. Eq.* 45; 139 *Atl. Rep.* 318; *Hasbrouck* v. *Martin,* 120 *N. J. Eq.* 96, 101; *Chase National Bank* v. *United States,* 278 *U. S.* 327; *Plainfield Trust Co.* v. *McCutcheon,* 8 *N. J. Mis. R.* 593; *affirmed,* 108 *N. J. L.* 201; *Koch* v. *McCutcheon,* 111 *N. J. L.* 154

The petitioner also relies on the case *In the Matter of Brown,* 274 *N. Y.* 10, in which the Court of Appeals in that state held, where the facts were quite analogous to those in the case at bar, that the state had no power to tax property located beyond its jurisdiction and that to do so is in violation of the due process provision of the fourteenth amendment of the Federal Constitution and so unconstitutional and void. While that case has support in other jurisdictions we find many cases in conflict and conclude that the weight of

authority favors the contrary view. With these latter cases we are in accord.

The principle enunciated in the line of cases cited below is that what is taxed is not the property (so its location is not important) but rather the succession to the title and the beneficial enjoyment of the property which took place by reason of the death. *Hackett* v. *Bankers Trust Co.*, 122 *Conn.* 107; 187 *Atl. Rep.* 653; *Bryant* v. *Hackett*, 118 *Conn.* 233; 171 *Atl. Rep.* 664; *Blodgett* v. *Guaranty Trust Co.*, 114 *Conn.* 207; 158 *Atl. Rep.* 245, 249; *In re Frank's Estate*, 192 *Minn.* 151; 257 *N. W. Rep.* 330; *Estate of Parmelee*, 7 *Ohio Opinions*, 455; *In re Lines' Estate*, 155 *Pa.* 378; 26 *Atl. Rep.* 728; *In re Fulham's Estate*, 96 *Vt.* 308; 119 *Atl. Rep.* 433; *In re Ellis' Estate*, 169 *Wash.* 581; 14 *Pac. Rep.* (*2d*) 37; *In re Bullen's Estate*, 143 *Wis.* 512; 128 *N. W. Rep.* 109; *affirmed, sub. nom. Bullen* v. *Wisconsin*, 240 *U. S.* 625.

It will be observed that the court below not only held that no tax was due, but decreed that there be refunded the tax paid which it held had been unlawfully assessed, together with interest thereon.

Having reached these conclusions, the decree of the Prerogative Court will be reversed, the case remanded and the petition dismissed, with costs.