## WALTER BROYOSKA
*vs.*
## NORWALK LOCK COMPANY ET AL.

Superior Court          Fairfield County          File No. 59286

MEMORANDUM FILED AUGUST 30, 1940.

*Frank E. Jamrozy,* of Stamford, for the Plaintiff.

*Francis J. Moran, Arthur B. O'Keefe,* and *Thomas R. Robinson,* all of New Haven, for the Defendants.

BOOTH, J. This is an appeal from the finding and award of the Compensaton Commissioner for the Fourth Congressional District, filed December 19, 1939, and amended as to a date by supplemental award on January 9, 1940.

The appeal is in behalf of the respondents, The Yale & Towne Mfg. Company and the Liberty Mutual Insurance Company only, notwithstanding the finding and award also runs against the respondents the Norwalk Lock Company and the American Mutual Liability Insurance Company.

The basis of the award is that the plaintiff suffered from an occupational disease known as silicosis, which was caused by the inhalation of free silica in his work as a brass molder, and that the disease was claimed to have originated while the plaintiff was in the employ of the defendant, The Yale & Towne Mfg. Company.

The appeal raises two questions. The first relates to a claimed defect in the finding, and the second relates to a claimed illegality of the award in so far as it affects The Yale & Towne Mfg. Company and the Liberty Mutual Insurance Company. As this second feature is decisive of the merits of the plaintiff's claim against the two last named defendants it will be unnecessary to at this time consider the aforesaid first feature.

According to the finding the plaintiff was employed at different intervals between July, 1912 and May, 1931, by the defendant, The Yale & Towne Mfg. Company, and from August, 1932, until October, 1937, he was employed by the

defendant, the Norwalk Lock Company. In each of these employments the plaintiff was engaged in the work of a brass molder during a majority of the time. He became incapacitated on March 16, 1938, and in October, 1938, filed a claim for compensation against both of the aforesaid employers.

The defendant, The Yale & Towne Mfg. Company contended before the commissioner that because the plaintiff made no claim against it for compensation within three years after he left its employ there was no liability on its part under the Compensation Act. The overruling of this claim by the commissioner forms the principal controversy between the parties.

Whether this action of the commissioner was erroneous depends upon the applicability of section 5245 of the General Statutes, Revision of 1930, to the situation. This statute went into effect in August, 1927, and provides in part that "No claim on account of an occupational disease shall be made by an employee or his dependants against the employer in whose employ the disease is claimed to have originated, except while the employee is still in such employ or within three years after leaving such employ."

In opposition to the applicability of this statute it is urged that before its adoption the plaintiff had a vested right to compensation under the then existing law. It this were true, of course, any change in such right by subsequent legislation would be a violation of the Constitution.

It is important then to consider whether at the time in question the plaintiff in fact had a vested right to compensation before August, 1927.

"It is essential to constitute a vested right in contradistinction to one that is expectant or contingent, that the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest." *Bryant vs. Hackett*, 118 Conn. 233.

The Compensation Act is contractual. The contract is to pay and accept such compensation as is prescribed by statute in effect at the date of the injury. *Preveslin vs. Derby & Ansonia Developing Co.*, 112 Conn. 129, 142. The term "date of the injury" refers not to the date of occurrence which injured the employee but to the date when the injury became compensable. *Esposito vs. Marlin-Rockwell Corp.*, 96 Conn. 414.

According to the finding the incapacity of the plaintiff did not occur until March 16, 1938. Hence his injury did not become compensable until that time, which is more than ten years after the statute in question went into effect.

It is, therefore, obvious that the plaintiff had no vested right to compensation under the law as it existed prior to the adoption of the statute in August, 1927, and that the respective rights and obligations of the plaintiff and the defendant, The Yale & Town Mfg. Company, to the contract of employment became fixed by the statutory provisions in force in March, 1938. *Rossi vs. Jackson Co.*, 120 Conn. 456.

As previously mentioned, the disease from which the plaintiff was found to have suffered is found to have been an occupational disease, and while not specifically so stated, the finding is open to no other construction than that it was claimed that the disease originated while the plaintiff was in the employ of the defendant, The Yale & Towne Mfg. Company.

The statute provides that no claim on account of such a disease shall be made against the employer in whose employ it is claimed to have originated except while the employee is still in such employ or within three years after leaving such employ.

In the instant case it is found that the plaintiff had not been in the employ of The Yale & Towne Mfg. Company since May, 1931, and that he made no claim for compensation against such company until October, 1938. Consequently, his claim as made fails to meet the requirements of the statute.

It is also urged that because in November, 1932, the defendant, The Yale & Towne Mfg. Company, acquired knowledge of the plaintiff's physical condition, it is estopped from raising the defense of noncompliance with the statute concerning notice and, consequently, excused the plaintiff for his failure to comply therewith. Such failure, however, constituted a jurisdictional defect in the plaintiff's claim which could not be waived or avoided upon equitable grounds. *Walsh vs. Waldron & Sons*, 112 Conn. 579; *Rehtarchik vs. Hoyt-Messinger Corp.*, 118 id. 315; *Farmer vs. Bieber-Goodman Corp.*, id. 299.

In view of the foregoing it is apparent that the commissioner erred in overruling the contention of the defendant, The Yale & Towne Mfg. Company, as set forth in paragraph 14 of the finding and in ruling that such defendant was responsible to the plaintiff for compensation for his incapacity.

The appeal is accordingly sustained, the award in so far as it affects the defendants, The Yale & Towne Mfg. Company and the Liberty Mutual Insurance Company, is vacated and the case is remanded to the commissioner, who is hereby directed to correct his award in accordance with this memorandum.