## GUARANTY TRUST CO., EXECUTOR, v. BLODGETT, TAX COMMISSIONER.

No. 217. Argued December 15, 1932.—Decided January 9, 1933.

*Mr. Gregory Hankin* for appellant.

*Mr. Farwell Knapp,* Assistant Tax Commissioner, with whom *Mr. Ernest L. Averill* was on the brief, for appellee.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The Connecticut succession tax act of 1923 contains the following provision:

"All property and any interest therein owned by a resident of this state at the time of his decease, . . . which shall pass by will or inheritance under the laws of this state; and all gifts of such property by deed, grant or other conveyance, made in contemplation of the death of the grantor or donor, or intended to take effect in possession or enjoyment at or after·the death of such grantor or donor, shall be subject to the tax herein prescribed." Chap. 190, Pub. Acts, 1923, § 1.

On December 28, 1926, while this act was in force, Harriet D. Sewell executed an irrevocable deed of trust to appellant, transferring certain securities, by which deed it was provided that the trustee collect the income and pay it to Mrs. Sewell during her life. Thereafter, the income was to be paid to her husband for his life, and upon his death the trustee was directed to pay and transfer the

principal of the trust absolutely to their daughter if she survived, but if not, then to the issue of the daughter, with a gift over in default of such issue. Mrs. Sewell died May 20, 1930, domiciled in Connecticut.

The state supreme court held that the statute recognized the distinction between taking effect in possession or enjoyment and vesting in right, title or interest, and intended to reach a shifting of the enjoyment of property although such shifting followed necessarily from a prior transfer of title *inter vivos;* that within the meaning and description of the statute, the transfer in question was a gift intended to take effect in possession or enjoyment at or after the death of the donor, and, therefore, was subject to the succession tax; and that the imposition of such tax did not offend against the Fourteenth Amendment or any other provision of the federal Constitution. 114 Conn. 207; 158 Atl. 245.

Appellant first contends that while the court below expressly upheld the tax under the act of 1923, it nevertheless gave effect to the later and more specific act of 1929 (Pub. Acts, c. 299, §§ 1 and 2), and thereby the contract impairment clause of the federal Constitution was infringed. This contention must be rejected. We are not at liberty to disregard the explicit holding of the state court as to the basis of its decision, except for convincing reasons, which here we are unable to find. Compare *Columbia Ry.* v. *South Carolina,* 261 U. S. 236, 245–247. The entire effort of the court upon this point plainly was directed towards sustaining the view that the event sought to be taxed fell within the provisions of the act of 1923. There is a reference to the act of 1929, but the decision is definitely put upon the act of 1923, and is supported by considerations of such weight as to leave no occasion for dependence upon the later act; and the supposition that in fact effect was given to it is without warrant.

Since the court below construed the act of 1923, without regard to the act of 1929, as embracing the event sought to be taxed, and since in that view the question of contract impairment does not arise, we are bound by the decision of that court as though the meaning as fixed by the court had been expressed in the statute itself in specific words. *Great Northern Ry. Co.* v. *Sunburst Oil & Refining Co., ante,* p. 358; *Knights of Pythias* v. *Meyer,* 265 U. S. 30, 32.

In that view the tax was imposed upon an event generated by the death of the decedent. That such a tax does not conflict with any provision of the federal Constitution is clearly stated by this court in *Coolidge* v. *Long,* 282 U. S. 582, 596. There a similar tax was held bad because the state statute imposing it was passed after the creation of the trusts; but the court said: " Undoubtedly the State has power to lay such an excise upon property so passing after the taking effect of the taxing Act." While, strictly, that statement was not necessary to the decision, we follow it as expressing the settled conviction of this court, and, so far as the federal Constitution is concerned, sustain the validity of the act of 1923 as construed by the state court.

*Judgment affirmed.*