Edwin Paul Cochran et als., Executors (Estate of Alice F. Cochran) v. Charles J. McLaughlin, Tax Commissioner.

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued May 8—decided June 10, 1942.

*Charles M. Lyman*, with whom was *Albert M. Chandler*, of the Massachusetts bar, for the plaintiffs.

*Louis Weinstein*, assistant inheritance tax attorney, with whom, on the brief, were *Francis A. Pallotti*, attorney general, *Frederick W. Dauch*, deputy tax commissioner, and *John J. Johnson*, inheritance tax attorney, for the defendant.

MALTBIE, C. J.  In this reservation the sole question involved is whether two trust funds created by Alice F. Cochran were at her death subject to a succession tax. In one trust instrument, dated December 24, 1925, she provided that from the income of the trust certain sums should be paid to two life beneficiaries, any unused income to be added to principal; that upon the death of either the fund should be divided into two equal parts and one part should be paid to the settlor or, if she was not then living, as she might direct in her will, or, failing such direction, to her heirs-at-law; and that upon the death of the other life beneficiary the remaining portion of the fund should be disposed of in the same manner; and she reserved the right at any time to amend or revoke the trust in writing.  Thereafter she executed five amendments to the instrument, only two of which are relevant to the issues before us.  In one she substituted gifts to certain educational institutions for the provisions in the original instrument as to the disposition of the principal upon the death of the life beneficiaries.  In another, dated March 5, 1928, she provided

as follows: "This trust shall be irrevocable, but I hereby reserve to myself the right at any time to alter or amend it, Providing, However, that it shall never be so altered or amended as to revest in me any interest in the income or principal of the trust property."

In the second trust instrument, dated May 26, 1926, it was provided that the income of the fund should be paid to certain life beneficiaries, with authority to the trustee, in its discretion, to use a part of the principal to assure their comfort; that at the death of the last survivor of the life beneficiaries the principal and any accumulated income should be paid to a certain hospital; and that the trust might be amended or revoked at any time in writing. This trust was amended twice. The only amendment which concerns us was dated the same day and was in the same language as the amendment to the first trust concerning its revocability, which has been quoted above. The settlor died January 24, 1939.

Throughout the period from the first creation of the trust until the settlor's death, gifts intended to take effect in possession or enjoyment at or after the death of the donor were subject to a succession tax. Public Acts, 1923, Chap. 190, § 1; 1927, Chap. 83, § 1; 1929, Chap. 299, § 2; General Statutes, § 1361; Cum. Sup. 1933, § 360b (1935, § 486c); Sup. 1937, § 285d (Cum. Sup. 1939, § 395e).

In *Blodgett* v. *Guaranty Trust Co.*, 114 Conn. 207, 158 Atl. 245, we had before us an irrevocable deed of trust, wherein it was provided that the income was to be paid to the settlor during her life and, upon her death, to her husband, and that at his death the principal should go to their daughter absolutely, or, if she was dead, to her issue, with a gift over in default of issue. We held that the deed created a gift "intended

to take effect in possession or enjoyment at or after the death of the transferor," and that the property was subject to a succession tax. In the course of the opinion we pointed out (p. 217) that our statutes imposing a succession tax are based upon the privilege or right of succession to property in contradistinction to the federal inheritance tax and the taxes imposed in some other states, which are based upon the transfer of property; we said (p. 218) that it was the right of possession or enjoyment of property rather than the vesting in interest which was the basis of the levy; and we quoted (p. 218) from *Worcester County National Bank* v. *Commissioner of Corporations & Taxation*, 275 Mass. 216, 220, 175 N. E. 726, as follows: "Though upon the creation of the trust an equitable remainder in the trust fund, after the life estate of the decedent in such fund, vested in interest in the beneficiary, she was not entitled to 'possession or enjoyment' of the fund or any part of it until the death of the decedent. . . . Her present right to the future 'possession or enjoyment' of the trust fund, which was 'vested' in the sense of being assignable and transmissible by her during the life of the decedent, was not 'possession or enjoyment,' within the meaning of the statute. . . . Apparently the Legislature intended to reach for the purpose of taxation the shifting of the enjoyment of property—the 'economic benefits' thereof or 'economic interest' therein—from a former owner at his death, even though such shifting of enjoyment followed necessarily from a prior transfer of title *inter vivos*." The imposition of the tax in the *Blodgett* case was under a statute which was in effect before the trust was created and in *Guaranty Trust Co.* v. *Blodgett*, 287 U. S. 509, 513, 53 Sup. Ct. 244, the constitutionality of the levy was upheld.

In *Bryant* v. *Hackett*, 118 Conn. 233, 171 Atl. 664,

we had before us two trusts. In one the settlor provided that the income of the fund should be paid to his wife during her life and upon her death to him; that upon the death of the survivor the trustee should transfer the principal to the settlor's executors or administrators; and that he and his wife or the survivor of them might at any time modify or revoke the agreement in whole or in part. After the creation of the trust the statute concerning succession taxes was amended, and the amendment provided that it should apply to all taxable transfers where the death of the transferor occurred after its enactment. The settlor died after the amendment became effective and the question was whether it would offend constitutional guaranties to apply the statute in effect at his death. We pointed out that, as the instrument provided that the settlor or his wife or the survivor of them might at any time modify or revoke it, no vested rights in the remainder were created, and held that the statute in effect at his death applied.

Under the other trust instrument before us in that case, the income was to be paid to the husband of the settlor during his life and upon his death to her if she survived; upon the death of the survivor the trustee was to transfer the principal of the fund to such person or persons and upon such terms as he might direct in his will or, in default of appointment, to their three daughters or their issue, with a gift over if any died without issue; and after the settlor's death her husband might revoke the trust in whole or in part, in which event the property was to be disposed of as a part of her residuary estate. She died before her husband. It was claimed that, as his life use continued after the death of the settlor and the remainder interest became effective at his death, her death created no such economic benefit or economic

interest as to make the remainder interest taxable, but we held that, as her husband had the power of determining who should receive the property by revoking the trust in whole or in part or by exercising the power of appointment given him, any interests in the beneficiaries named in the instrument were contingent, and that the succession to those interests was liable to the tax. We said, citing supporting authority (p. 244): "Nor can any valid distinction be made between cases where, as in those before us in the *Guaranty Trust Co.* case, the transferor, by an irrevocable grant, transferred property with a reservation of a life use to himself and those where, by a like grant, he gives the life use to another with remainder over." See *Porter* v. *Commissioner*, 288 U. S. 436, 53 Sup. Ct. 451. The imposition of a federal inheritance tax upon this trust was sustained in *Helvering* v. *Hallock,* 309 U. S. 106, 60 Sup. Ct. 444.

In *Hackett* v. *Bankers Trust Co.*, 122 Conn. 107, 187 Atl. 653, we had several trusts before us. The income of one was to be paid to the settlor's son, with a successive life use to his widow, if any; the principal was to go to the son's children, but if he left neither widow nor children it was to revert to the settlor, or, if he did not survive, to his mother or, if she did not survive, to his estate. We held that all the trusts were taxable. We referred (p. 116) to the statement in the *Bryant* case which we have quoted above, and also pointed out that the statute would apply although the right of a remainderman to the possession and enjoyment of the principal might be deferred beyond the death of the settlor. In *Topping* v. *McLaughlin,* 125 Conn. 456, 6 Atl. (2d) 343, we had before us a trust instrument which provided that the income should be paid to the settlor's wife during her life and at her death three-fifths of the principal

should be transferred to one of the sons and the remaining two-fifths should continue to be held in trust, the income to be paid to the son during his life, with a gift of the principal to his issue; and that if the settlor's wife should, during his life, die or become in his judgment incompetent to manage her affairs he might at any time revoke the trust, in which event the property would revert to him. As against the claim that the trust instrument created interests which would be in no way affected by the death of the settlor, we held that the power of revocation, qualified though it was, made the interests of the named beneficiaries in the remainder after the life estate no more than contingent and that they were taxable.

These decisions control the situation before us as regards the remainder interests under the trusts in question. So long as the settlor lived, she had the right to alter or amend the instruments creating them so as to destroy the interests of those named by her as beneficiaries. That she could herself receive no part of the income or principal would not alter the situation. Until she died, those she named to receive the remainder interests had no more than an expectancy that on the death of the life beneficiaries they would receive the property. It was her death which finally gave them an indefeasible right, not only to the property but also to its possession and enjoyment. At and as a result of her death, they received "economic benefits" or an "economic interest." There can be no question that the remainder interests were liable to the succession tax.

As regards the life estates, we held in *Topping* v. *McLaughlin*, supra, 465, without discussion, that a life estate given to the wife in the trust then before us was not taxable. While we might point to some respects in which that case differs from the one before

us, we prefer directly to meet the issue as now presented. In Massachusetts it has been held that the life interest in such a case would not be taxable, upon the ground that the right to possession and enjoyment of the property was created by the instrument establishing the trust and passed immediately to the beneficiary, and that the unexercised power to terminate his right to receive the income did not essentially change the nature of his interest. *Dexter* v. *Treasurer & Receiver General*, 243 Mass. 523, 137 N. E. 877. That was the law of New York previous at least to the amendment to its tax statute in 1922 to which we shall refer. *Matter of Carnegie*, 203 App. Div. 91, 196 N. Y. S. 502; affirmed, 236 N. Y. 517, 142 N. E. 266. Rottschaefer, 14 Minn. L. Rev. 453, 478, inclines to that view, although admitting that on the death of the settlor without exercising the power a definite increment of value passed to the life tenant. On the other hand, in *In re Fosdick*, 102 N. J. Eq. 45, 139 Atl. 318, the vice ordinary of the Prerogative Court reached a different conclusion on grounds which seem to us unassailable, and that decision was cited as authority by the New Jersey Supreme Court in *Kings County Trust Co.* v. *Martin*, 121 N. J. L. 290, 293, 2 Atl. (2d) 187. See also *Helvering* v. *Hallock*, supra. Under the right reserved to the settlor in the trust instruments before us to alter and amend them at any time, it lay in her power, until her death, to terminate the rights of any or all of those whom she named as beneficiaries of income. It was only at and by her death without the exercise of that power that their continued right to receive the income became indefeasible. At and by her death, they received an economic benefit which had not previously been theirs. The trust instruments clearly imply an intent on her part that, should she not exercise the reserved power to

alter or amend them, at her death this increment of value would accrue to the beneficiaries. The principles we have stated above determine that the gifts of income were taxable as of the time of her death. In so far as the *Topping* case holds to the contrary, it is overruled.

The plaintiffs point to § 1364 of the General Statutes, originally enacted as § 5 of the 1929 act, which provides that "A transfer of property by deed of trust wherein the settlor reserved to himself, or to himself and others not beneficiaries, powers of revocation, alteration or amendment, upon the exercise of which the property might revest in him, shall, upon the death of the settlor, be taxable to the extent of the value of the property subject to such powers and with respect to which such powers remain unexercised"; and they argue that this section indicates that the legislature intended a narrower meaning to be given the provision concerning transfers intended to take effect in possession or enjoyment at death than we have heretofore given to it on the ground that the enactment of the section first subjected to taxation a type of trust which otherwise would not have been taxable. This provision was no doubt taken from an amendment to the New York statute adopted in 1922 and re-enacted in 1928. Laws of New York, 1922, Chap. 430; 1928, Chap. 330; *Matter of Schell,* 134 Misc. 242, 243, 234 N. Y. S. 305; *Matter of Stewart,* 138 Misc. 866, 867, 248 N. Y. S. 171.

The reason for the enactment of the law in New York is found in the fact that the courts of that state had held that the mere reservation by the settlor of a power to revoke a trust was insufficient to bring it within the scope of transfers intended to take effect in possession or enjoyment at and after death. *Matter of Miller,* 236 N. Y. 290, 293, 140 N. E. 701. At the

time of the adoption of the amendment, we had in this state no decision which had considered the effect of the reservation of such a power, and the section was undoubtedly inserted in the 1929 statute out of an abundance of caution. Its purpose was evidently to obviate here the possibility of difficulties which had been encountered in other jurisdictions and to clarify and make certain the law, not to bring within the scope of the statutes transfers which otherwise would not have been taxable. The same is true of an amendment to our succession tax law enacted in 1937, by which a provision was inserted that transfers intended to take effect in possession or enjoyment at or after death shall "include" certain transfers specifically described, among them those where the settlor has retained "the right, either alone or in conjunction with any person or persons, to designate the person or persons who shall possess or enjoy the property or the income therefrom." General Statutes, Sup. 1937, § 285d (Cum. Sup. 1939, § 395e). This provision was evidently modeled upon the amendment to the federal Revenue Act of 1926 enacted in 1931 which is referred to in *Blodgett* v. *Guaranty Trust Co.*, supra, 217, and which was adopted to make taxable certain transfers which the United States Supreme Court held not to be intended to take effect in possession or enjoyment at or after the death of the settlor. Note, 309 U. S. 120, 60 Sup. Ct. 452. The transfers before us are taxable under the general provision governing those intended to take effect in possession or enjoyment at or after death, the amendments added nothing, at least as regards them, to the previously existing statutory provisions, and we do not need to consider whether the 1937 act would apply to them.

The plaintiffs have cited to us four decisions from New York, Pennsylvania and Illinois which they say

presented similar situations and are contrary to the conclusion we have reached. We could point out reasons why those decisions are not persuasive, but prefer, as we said in *Hackett* v. *Bankers Trust Co.,* supra, 118, to "ground our decision . . . upon what we regard as sound reasoning rather than upon attempted matching of authorities."

To the question propounded asking whether the transfers in question, or either of them, are subject to the succession tax at the death of Mrs. Cochran as intended to take effect in possession or enjoyment at or after her death, we answer that both are.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.