ELLEN G. FABIAN, ADMINISTRATRIX (ESTATE OF ELIZABETH Y. GALLAUDET) *v.* WALTER W. WALSH, TAX COMMISSIONER

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 4—decided March 10, 1948

*Curtiss K. Thompson,* with whom was *Milton Goss,* for the appellant (plaintiff).

*Louis Weinstein,* inheritance tax attorney, with whom were, on the brief, *William L. Hadden,* attorney general, and *Frederic W. Dauch,* assistant tax commissioner, for the appellee (defendant).

JENNINGS, J. The issue involved in this appeal is whether the transfer, on the death of the settlor, of property constituting the corpus of a trust is subject to the Connecticut succession tax as a transfer intended to take effect in possession or enjoyment at or after the death of the transferor.

The facts necessary to a decision of this case are substantially undisputed. Plaintiff's decedent, Elizabeth Y. Gallaudet, was the wife of Herbert D. Gallaudet and they had one child, Ellen, who, on August 25, 1934, married Richard Fabian. On December 27, 1935, when she was fifty-four years of age and in excellent health, the decedent set up the trust in question. It provided that the income should be distributed to or for the benefit of herself, her husband or their daughter, but the trustees were empowered to turn over any or all of the corpus of the fund from time to time to either Mr. Gallaudet or Mrs. Fabian, "provided that Trustees so acting shall

have first determined, as to each such case, that the transaction in question is reasonably necessary for the comfort, support, maintenance, setting up in business, profession or occupation, or otherwise comes within the general purposes of this Trust as interpreted by the Trustees."

The principal provision regarding the termination of the trust is as follows: "13. This Trust shall terminate, save as hereinafter provided, upon the decease of the longest liver of the said Herbert D. Gallaudet and Elizabeth Y. Gallaudet and any remaining Trust property shall be fully and finally distributed as hereinafter provided."

Various changes occurred in the personnel of the trustees, and the decedent was one of them at the time she died. Herbert died on June 24, 1944, and Elizabeth on January 1, 1945. On March 12, 1942, Elizabeth had irrevocably renounced any rights she might have to any income of the trust fund or to participation in its assets, and thereafter no income was paid to her nor was a distribution of any character made to her from the trust fund.

The parties are agreed that the controlling statute is General Statutes, Cum. Sup. 1935, § 486c. This provides that transfers made by a decedent are taxable if made "(d) by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor." The transfers in this case did in fact take effect at the death of the transferor. Section 14 of the trust agreement provides that on the death of the survivor of Herbert and Elizabeth all of the trust property shall be turned over absolutely to Ellen. The intention expressed by the settlor is plain. It was that if Elizabeth survived Herbert her death would be the occurrence which would determine the ultimate succession.

Elizabeth did survive Herbert. We are not concerned with the situation which would have resulted had Herbert survived Elizabeth. ". . . that situation did not happen and, as stated by Judge Cardozo in *Matter of Schmidlapp,* 236 N. Y. 278, 286, 140 N. E. 697, 'we are to view the sequence of events in the order of the actual rather than the possible.'" *Bryant* v. *Hackett,* 118 Conn. 233, 247, 171 A. 664. Since, as stated above, Elizabeth, the transferor, did survive Herbert, her death was the necessary factor to effectuate the transfer to Ellen of any property remaining. Under these circumstances, the Connecticut cases uniformly hold the transfers taxable whether the income is reserved to the transferor for life; *Blodgett* v. *Guaranty Trust Co.,* 114 Conn. 207, 213, 158 A. 245; or whether the income is reserved to another; *Hackett* v. *Bankers Trust Co.,* 122 Conn. 107, 116, 187 A. 653; provided the death of the transferor "is a factor in the devolution of the use or enjoyment of the property." Id., p. 117. Elizabeth's renunciation of any right to principal or income did not affect the provisions of the agreement as to the time when the principal would be distributed.

The fact that the principal of the trust could have been paid to the beneficiaries before the death of Elizabeth does not affect this conclusion. Recent Connecticut cases construing this statute are reviewed in *Cochran* v. *McLaughlin,* 129 Conn. 176, 27 A.2d 120, and the conclusion is reached (p. 182) that, in spite of all the events which might affect the rights of the beneficiaries before the death of the settlor, it was that death which definitely fixed those rights, and that the transfers were intended to take effect at the death of the transferor and were taxable. In that case, as here, the remainder interest in one of the trusts was subject to be defeated by the distribu-

tion of the principal to the life tenants (p. 178), but neither that fact nor the fact that the right of the "remainderman to the possession and enjoyment of the principal might be deferred beyond the death of the settlor" (p. 181) prevented taxability under the statute.

The situation is simpler in the case at bar. If the principal were distributed before the death of Elizabeth, nothing would remain on which the statute could operate. If anything did remain, the rights of the beneficiaries were fixed by that event, and they are taxed on their right to succeed to the property. *Cochran* v. *McLaughlin*, supra, 179. See also note, 121 A. L. R. 359.

The plaintiff cites the leading Connecticut cases, all of which hold transfers taxable, and says they do not apply. She fails to support the affirmative of her proposition with Connecticut authority. The gist of her argument appears to be, as stated in her brief, that it was the purpose of the legislature to tax only "inter vivos transfers that in fact were generated by death. It sought to reach only those transfers that were in substance purely testamentary acts, and had no desire to go beyond that." A similar argument was made in *Bryant* v. *Hackett*, 118 Conn. 233, 243, 171 A. 664, but was unavailing. The provision was said to be broader and (p. 244) "the legislative intent was to reach for purposes of taxation the shifting of the enjoyment of property, the 'economic benefit' thereof or the 'economic interest' therein, from a former owner at his death, even though such shifting of enjoyment followed necessarily from a prior transfer of title *inter vivos*." As has been pointed out above, Elizabeth's death was the fact that gave Ellen the full enjoyment of the principal. The plaintiff's claim is not valid.

The plaintiff has asked that certain facts be added to the finding for the apparent purpose of showing by extrinsic evidence the actual intent of Elizabeth in creating the trust. The trial court found that her intent found complete expression in the language of the trust instrument. We are concerned with that intent and not with some other intent which the court might conclude that she in fact had. *Bronson* v. *Pinney,* 130 Conn. 262, 268, 33 A. 2d 322; *Rogers* v. *English,* 130 Conn. 332, 338, 33 A. 2d 540. Under this rule the facts sought to be added would not change the result.

For the reasons stated, the transfers are held to be taxable.

There is no error.

In this opinion the other judges concurred.