CORINNE B. BORCHARD *v.* WILLIAM F. CONNELLY, TAX COMMISSIONER

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 15—decided December 15, 1953

*Charles M. Lyman,* for the appellant (plaintiff).

*Herman Levine,* inheritance tax attorney, with whom, on the brief, were *William L. Beers,* attorney general, and *Frederic W. Dauch,* first assistant tax commissioner, for the appellee (defendant).

BALDWIN, J. This is an appeal from a judgment of the Superior Court dismissing an appeal from an

order of the Probate Court for the district of Hamden determining that the balance due under an annuity contract and payable to the annuitant's widow was subject to the Connecticut succession tax.

Edwin M. Borchard died in Hamden on July 22, 1951. The plaintiff is his widow and a principal beneficiary under his will, which has been admitted to probate. On May 1, 1920, the Teachers Insurance and Annuity Association of America issued a nonparticipating deferred annuity policy to the decedent providing for payment to him of a deferred monthly annuity of $157.52 beginning November 1, 1949. The premiums were paid by Yale University under a special arrangement with the decedent and in addition to his salary. On or before July 1, 1950, the decedent chose to exercise one of the options contained in the policy. Pursuant thereto, he surrendered the policy and received in return a new contract. It provided for monthly payments to him of $140.67 beginning July 1, 1950, with a further provision that if at his death the sum of the annuity payments made to him should be less than $17,688.18, the guaranteed minimum return under the contract, the annuity payments would continue until that amount was reached and would be paid to the plaintiff. It also gave the decedent the right to change the beneficiary and provided that if the beneficiary should predecease him the commuted value of the instalments unpaid at his death would go to his estate. At the death of the decedent, the aggregate of those instalments was $16,000.14. The Probate Court ordered the value of the instalments included in the decedent's estate for succession tax purposes.

Sections 2020 and 2021 (d) of the General Statutes impose a tax upon transfers of property made "by gift or grant intended to take effect in possession or

enjoyment at or after the death of the transferor." Section 2021(d) provides that such a transfer shall include one "under which the decedent retained for his life . . . (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person or persons, to designate the person or persons who shall possess or enjoy the property or the income therefrom." The tax commissioner contends that the proceeds of the annuity contract are taxable because the enjoyment by the decedent's widow was intended to take effect at or after the death of the decedent, and also because the decedent retained the life use of them and the right to designate the person who should possess or enjoy them, or the income from them, after his death.

The question of what constitutes a taxable transfer under this statute has been before this court many times. See *Blodgett* v. *Guaranty Trust Co.*, 114 Conn. 207, 158 A. 245; *Hackett* v. *Bankers Trust Co.*, 122 Conn. 107, 187 A. 653; *Cochran* v. *McLaughlin*, 129 Conn. 176, 27 A.2d 120; *Fabian* v. *Walsh*, 134 Conn. 456, 58 A.2d 384. We have held that it was the apparent intent of the legislature in enacting this section to reach, for the purpose of taxation, the shifting of the enjoyment of property—the "economic benefits" thereof or "economic interest" therein. *Blodgett* v. *Guaranty Trust Co.*, supra, 219; *Hackett* v. *Bankers Trust Co.*, supra, 122; *Cochran* v. *McLaughlin*, supra, 179. In the present case the transfer of the interest in the annuity contract made to the plaintiff by her husband when he exercised the option was upon two contingencies: (1) that she would survive and (2) that he would not change the beneficiary. That both of these contingencies would happen could not be assured until the annuitant him-

self died. It is obvious, therefore, that the transfer was one which was intended to take effect not only in enjoyment but, indeed, in right at or after the death of the transferor. Furthermore, since the transferor reserved the right to change the beneficiary, it is apparent that he retained "the right . . . to designate the person or persons who shall possess or enjoy the property." For both of these reasons the transfer falls squarely within the statutory definition of taxable transfers. *Fabian* v. *Walsh,* supra, 459; *Cochran* v. *McLaughlin,* supra, 182.

The plaintiff, relying upon the case of *Connelly* v. *Waterbury National Bank,* 136 Conn. 503, 507, 72 A.2d 645, points out that the transfer here involved is not one wherein the decedent "retained" anything because there can be no retention within the meaning of the statute unless there is a continuity of ownership or possession and unless the taxable transfer is one made by the decedent himself. She argues that her husband had no property rights in the annuity contract because the premiums thereon had been paid by Yale University and that, therefore, he did not make a transfer of property belonging to him when he exercised the option. It is, of course, true, as *Connelly* v. *Waterbury National Bank,* supra, held, that the succession tax may be assessed only as regards property which at the time of its transfer was owned by the decedent, even though, after the transfer, he may have been granted a life use of the property. That principle, however, has no application to the case before us. From the beginning, the annuity contract was one between the insurance company and the decedent. The obligation under it ran from the insurance company directly to him. Yale University was not a party to it. That it paid the premiums on behalf of the decedent did not alter the fact that the

contract was the decedent's. It was his property and it was therefore he who made the transfer of an interest in it to the plaintiff when he exercised the option in her favor.

The plaintiff argues further that it was never the intention of the statute to impose a tax in every case where the death of one person brings into being economic benefits to another person. She calls attention to § 922c of the 1953 Cumulative Supplement to the General Statutes, which exempts from the succession tax the proceeds of a life or accident insurance policy payable to a named beneficiary. The contract here involved is an annuity, not a life insurance, policy, and therefore is not within the exemption. *Day* v. *Walsh*, 132 Conn. 5, 14, 42 A.2d 366, and see Selvin, "The Possession or Enjoyment Clause of the Connecticut Succession Tax," 23 Conn. B.J. 11, 36; *Gregg* v. *Commissioner*, 315 Mass. 704, 707, 54 N.E.2d 169; *Helvering* v. *LeGierse*, 312 U.S. 531, 541, 61 S. Ct. 646, 85 L. Ed. 996.

There is no error.

In this opinion the other judges concurred.