RICHARD P. MILLER, EXECUTOR (ESTATE OF GUY P. MILLER) *v.* WILLIAM F. CONNELLY, TAX COMMISSIONER

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 2, 1954—decided February 23, 1955

*W. Bradley Morehouse,* for the plaintiff.

*Herman Levine,* inheritance tax attorney, with whom, on the brief, were *William L. Beers,* attorney general, and *Frederic W. Dauch,* first assistant tax commissioner, for the defendant.

DALY, J. The following facts have been stipulated for this reservation: Guy P. Miller of Fairfield, Connecticut, was born on February 11, 1875, and died on August 16, 1950, leaving a will dated October 11, 1948, which was admitted to probate in the Probate Court for the district of Fairfield. On December 30, 1940, the decedent, hereinafter referred to as the settlor, then aged sixty-five, executed an irrevocable trust agreement and transferred and delivered to trustees certain property to be held under it. The agreement provided that the net income of the trust should be paid to the settlor's daughter, Catharine M. Towne, during her life. On her death, the trust fund is to be transferred and delivered to her issue in equal shares per stirpes, provided, however, that the share of any issue who has not attained his twenty-fifth birthday at the time of her death shall be set aside and held in trust for him until not later than his twenty-fifth birthday. In the event she is survived by any issue whose share of the trust fund is held in trust and who dies before the time it vests in his possession, which in no case can be later than his twenty-fifth birthday, his share is to be transferred and delivered to his issue in equal shares per stirpes "or, if there be no such issue, to the person or persons who would have been en-

titled to take the intestate estate of such beneficiary, had he died intestate, according to the laws of the State of Connecticut in force at the date of his death and in the proportions fixed by such laws." In the event Catharine M. Towne is not survived by issue, the trust fund is to be transferred and delivered "to the person or persons who would have been entitled to take her intestate estate, had she died intestate, according to the laws of the State of Connecticut in force at the date of her death and in the proportions fixed by such laws."

The trust agreement authorizes the trustees to invade the principal of Catharine M. Towne's trust to provide for her "comfortable support (including the comfortable support and reasonable educational requirements of her children)." Further, the trustees may invade the principal of any trust established for issue, after first taking into account the beneficiary's other sources of income, to provide for his "comfortable support and reasonable educational requirements."

At the time of execution of the trust agreement, Catharine M. Towne was thirty-eight years of age and had two sons, aged fifteen and twelve. She was divorced and had insufficient income with which to support herself and to support and educate her sons. To a considerable extent, it had been necessary for the settlor to support her and her sons, his grandchildren, and his purpose in establishing the trust was to provide her with an independent income. At the time of the settlor's death, she and her two sons were all living and unmarried. In addition, the settlor's son, Richard P. Miller, and another daughter, Mary C. Cleborne, together with their respective issue, were living.

The parties have also agreed that under the terms

of the trust agreement and the Connecticut intestate laws, as they existed at the time of the settlor's death, no part of the trust fund could have been distributed to the settlor unless he outlived both his daughter and his daughter's issue, all such issue died before attaining the age of twenty-five, and the last one dying left no widow. The questions upon which advice is desired are as follows: (a) Does the termination, by the death of the settlor, of the possibility that he might be an intestate heir of the life tenant or of her issue subject any part of the trust fund, as constituted at his death, to the Connecticut succession tax as a "gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor"? (b) If question (a) is answered in the affirmative, should the value of the remainder interests of the life tenant's two sons be subtracted from the trust fund in computing the amount subject to the Connecticut succession tax?

Section 2020 of the General Statutes provides for the imposition of a tax upon transfers, in trust or otherwise, of certain classes of property or any interest therein or income therefrom, under prescribed conditions and limitations. We are concerned with that portion of § 2021 which provides that the transfers enumerated in § 2020 shall be taxable if made "(d) by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor." This portion of the statute has been in effect continuously since 1915. Public Acts 1915, c. 332, § 3; Rev. 1918, § 1270; Rev. 1930, § 1361.

From the time the trust was executed, it was possible for the life tenant, Catharine M. Towne, to have died without leaving issue. If that had occurred, the corpus of the trust would have re-

verted to the settlor, at least in part. The plaintiff claims that the extinguishment of this possibility by reason of the death of the settlor should not subject any portion of the trust fund, as constituted at his death, to the tax as a "gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor." He contends that the remoteness and insubstantiality of the settlor's reversionary interest in the trust fund, the minute effect which his death had on the interest of any other person in the trust fund, the fact that his interest arose by operation of law rather than by express reservation, and the obvious absence of any intent on the part of the settlor either to escape death duties or ever subsequently to reacquire the property transferred, all combine to forbid the imposition of the succession tax upon any portion of the property transferred. On the other hand, the settlor's death caused a shifting of an economic benefit, since he was thereby eliminated as a possible distributee.

The statute, now § 2021, under which taxability is claimed has been consistently construed by this court as intended to reach, for the purpose of taxation, the shifting of the enjoyment of property—the economic benefits thereof or economic interest therein—from a former owner at his death, even though such shifting of enjoyment followed necessarily from a prior transfer of title inter vivos. *Blodgett* v. *Guaranty Trust Co.,* 114 Conn. 207, 219, 158 A. 245; *Hackett* v. *Bankers Trust Co.,* 122 Conn. 107, 122, 187 A. 653; *Borchard* v. *Connelly,* 140 Conn. 491, 494, 101 A.2d 497.

"[T]he policy of the law is that the owner of property shall not defeat or evade the tax upon inheritances by any form of conveyance or trans-

fer where at or after death the income, profit or enjoyment inures to the benefit of those who are not exempt. This purpose and policy might be as completely defeated by a transfer of property in such a way that the owner has parted with all control and dominion over it as by one where he reserves such control. Such a reservation might perhaps make taxable a transfer which otherwise would not be, but the lack of it does not prevent the taxation of transfers falling within the terms of the statute. Nor can any valid distinction be made between cases where . . . the transferor, by an irrevocable grant, transferred property with a reservation of a life use to himself and those where, by a like grant, he gives the life use to another with remainder over." *Bryant* v. *Hackett,* 118 Conn. 233, 244, 171 A. 664. It is the right of possession or enjoyment of property rather than the vesting in interest which is the basis of the tax levy. *Cochran* v. *McLaughlin,* 129 Conn. 176, 179, 27 A.2d 120.

The defendant concedes that the value of the life interest of Catharine M. Towne in the property transferred under the trust agreement should be subtracted from the value of the corpus of the trust in computing the amount of the succession tax. He contends that the value of the interests of her two sons should not be deducted in the computation. It is true that their remainder interests in the corpus of the trust were established by the irrevocable trust agreement at the moment it was executed and vested at that time. *Belfield* v. *Booth,* 63 Conn. 299, 306, 27 A. 585. However, it makes no difference how vested the remainder interests in the corpus may be or how remote or uncertain the decedent's reversionary interest. "If the corpus does not shed the possibility of reversion until at or after the dece-

dent's death, the value of the entire corpus on the date of death is taxable." *Commissioner* v. *Estate of Field,* 324 U.S. 113, 116, 65 S. Ct. 511, 89 L. Ed. 786; *Fidelity-Philadelphia Trust Co.* v. *Rothensies,* 324 U.S. 108, 111, 65 S. Ct. 508, 89 L. Ed. 782; *Matter of Pratt,* 262 App. Div. 240, 245, 28 N.Y.S.2d 997, aff'd, 289 N.Y. 621, 43 N.E.2d 839. As the defendant has conceded that the value of the life interest of Catharine M. Towne, the settlor's daughter, should be deducted from the value of the corpus of the trust in computing the amount of the succession tax, the tax is to be measured on the value of the entire corpus less the value of her life use.

We answer the questions upon which our advice is asked as follows: "Yes" to question (a); "No" to question (b).

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.