THE BRIDGEPORT-CITY TRUST COMPANY, EXECUTOR (ESTATE OF FREDERICK S. McDANIEL) *v.* JOHN L. SULLIVAN, TAX COMMISSIONER

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued January 6—decided February 5, 1959

*Bradford Boardman,* with whom, on the brief, was *Charles E. Hewes,* for the plaintiff.

*Seymour M. Alpert,* with whom, on the brief, were *John J. Bracken,* attorney general, and *Frederic W. Dauch,* first assistant tax commissioner, for the defendant.

MURPHY, J. Frederick S. McDaniel of Bridgeport died on August 17, 1956. The plaintiff is the executor of his estate and is also the trustee of two irrevocable trusts that McDaniel established for the benefit of blood relatives in 1935 and 1936. The Probate Court held that the transfers of the securities into the trusts were subject to the Connecticut succession tax. From this decree the plaintiff appealed to the Superior Court, which upon stipulation of the parties reserved the questions presented for determination by this court.

McDaniel will be hereinafter referred to as the settlor; the 1935 trust will be called trust A and the 1936 trust, trust B. Trust A was established for the benefit of a nephew and three nieces of the settlor. Their ages then ranged from fourteen to twenty years. Certain securities were transferred and delivered to the trustee, who was directed to pay the income in monthly instalments to or for them for life. Each beneficiary had the right to withdraw one-half of his share in the principal of the trust fund after becoming twenty-five years of age, and the balance after reaching thirty. Each beneficiary also had the right to designate by will the persons to whom the trustee should pay over any balance remaining at his death in his share of the principal, and if such right was not exercised that balance was to pass to such persons as would inherit the intestate personal property of the beneficiary. When the settlor died, all the beneficiaries were living and were over thirty years of age. Some but not all of the principal had

been paid to them by the trustee. Trust B was created for the benefit of the settlor's sister, who was three years younger than he and outlived him. The trustee was directed to pay the net income to her in monthly instalments for life. She had the right to withdraw principal not exceeding a total of $5000. She had the right also to appoint in her will the distributees of the trust fund, and if she did not do so or did so ineffectively, the remaining trust property was to be distributed among her next of kin. The settlor filed a federal gift tax return when each trust was created. In 1947, the settlor assigned to the Bridgeport Hospital all interest which he had or might have in the properties in both trusts.

The defendant contends that because of the consanguinity of the settlor to the beneficiaries it was possible for the settlor to have inherited trust property from some or all of the beneficiaries if he had survived any of them and that because of this possibility the transfers were taxable as gifts or grants intended to take effect in possession or enjoyment at or after the death of the transferor. Both parties agree that the trusts were created by transfers to which the provisions of § 1137d of the 1955 Cumulative Supplement (Rev. 1958, § 12-340) apply. These transfers, however, are not taxable under § 2021 (d) of the 1949 Revision (Rev. 1958, § 12-341 [d]) unless the death of the settlor is a factor in the devolution or the enjoyment of the property. *Hackett* v. *Bankers Trust Co.*, 122 Conn. 107, 117, 187 A. 653.

To sustain the action of the Probate Court in holding that these transfers are taxable under § 2021 (d), the defendant relies primarily upon *Miller* v. *Connelly*, 142 Conn. 144, 112 A.2d 202. In that case the settlor set up a trust in which the income was payable to his daughter for life with the remainder

over to her issue at her death or, in default of issue, to those who would take her estate if she died intestate. When the trust was created, the daughter had two minor sons. All survived the settlor. We held that inasmuch as the death of the settlor terminated a possibility that some part of the corpus of the trust could have reverted to him as an heir of his daughter or of her issue, the transfer was taxable. His death caused a shifting of an economic benefit, since he was thereby eliminated as a possible distributee.

In the case before us, any possibility that any part of the corpus of the trusts could revert to the settlor was dissipated by the assignments he executed in 1947 in favor of the hospital. Any doubt that the settlor intended, at the times he created the trusts, to divest himself completely of every possibility of reversion was removed by these assignments. It is the state of affairs at the time of the decedent's death, as distinguished from the situation at the time the transfers were made, which determines, at least in this case, the question of taxability. We view the sequence of events in the order of the actual rather than the possible. *Fabian* v. *Walsh,* 134 Conn. 456, 459, 58 A.2d 384; *Bryant* v. *Hackett,* 118 Conn. 233, 247, 171 A. 664; *Matter of Schmidlapp,* 236 N.Y. 278, 286, 140 N.E. 697.

The defendant, in his brief, raised questions which are not encompassed by the reservation. We only advise on the questions propounded. *Loomis Institute* v. *Healy,* 98 Conn. 102, 129, 119 A. 31; *Occum Co.* v. *Sprague Mfg. Co.,* 35 Conn. 496, 510; *Hood* v. *New York & N. H. R. Co.,* 23 Conn. 609, 621.

The question propounded with regard to each trust is whether the transfer of the remainder interest is subject to the Connecticut succession tax as a gift or grant intended to take effect in posses-

188

sion or enjoyment at or after the death of the transferor. We answer each question in the negative.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.