WILLIAM B. PAPE ET AL., EXECUTORS (ESTATE OF WILLIAM J. PAPE) *v.* JOHN L. SULLIVAN, TAX COMMISSIONER

KING, MURPHY, SHEA, ALCORN and COMLEY, Js.

40

Argued June 6—decided July 18, 1963

*Kenyon W. Greene*, with whom, on the brief, was Donald McPartland, for the plaintiffs.

*Seymour M. Alpert,* inheritance tax attorney, with whom, on the brief, were *Albert L. Coles,* attorney general, and *Robert J. Hale,* first assistant tax commissioner, for the defendant.

ALCORN, J. This case comes to us on a reservation from the Superior Court, based on stipulated facts, seeking an answer to the question whether a certain transfer in trust is subject to a succession tax, under § 12-341 (d) of the General Statutes, as a transfer intended to take effect in possession or enjoyment at or after the death of the transferor.

On December 27, 1937, the decedent, William J. Pape, of Woodbury, hereinafter called the donor, transferred to two of his sons, an attorney and himself, as trustees, certain personal property under an irrevocable trust agreement. The trust agreement provided, in substance, that the trustees accumulate the net income from the trust fund during the life of the donor and, upon his death, pay to his wife for life, if she survived him, all or so much

of the income as was necessary for her adequate maintenance and support, with power to invade the principal for the same purpose if necessary. Upon her death, or upon the death of the donor if she predeceased him, the trust fund was to be divided into as many equal separate parts as there were then living children of the donor or deceased children who had left surviving descendants. After the death of both the donor and his wife, each living child was entitled to receive the net income for life from his or her share of the trust fund, with the further right to receive payments from the principal of his or her share under prescribed conditions and for specific purposes. Upon the death of each child, his or her share was to be distributed as directed in any will or trust made by the child so dying or, in the absence of any such will or trust, in equal shares to the surviving children of that child per stirpes. The share of any child who predeceased the donor and his wife was to be distributed to "the children of [that] deceased child per stirpes." The trust agreement also provided that "[a]ny Trustee acting hereunder shall be entitled to and may retain just and reasonable compensation in an amount determined by vote of the Trustees for the services performed in the execution of this trust." Other provisions are not material to the present issue.

On January 28, 1961, the donor died. He was survived by his wife, Julia B. Pape, three sons, William B. Pape, Eric Pape and Robin B. Pape, and a daughter, Benita Pape Greeley, all of whom were the beneficiaries named in the trust instrument. From December 27, 1937, the date of the trust instrument, until January 28, 1961, the date of the donor's death, the trustees accumulated, invested and reinvested the income of the trust fund

without distribution of principal or income to anyone. What amount of the income, if any, was paid to the donor during this period for services as trustee does not appear. On September 20, 1962, after a hearing on the application of the state tax commissioner, the Probate Court for the district of Woodbury, in which the donor's estate was in settlement, held that the transfers under the trust instrument were subject to a succession tax and ordered the executors to file a supplemental inventory for tax purposes covering the property transferred in trust. The executors of the estate, who are the two sons and the attorney named as trustees in the trust instrument already described, appealed from the probate decree to the Superior Court, and from that appeal this reservation arises.

Section 12-340 of the General Statutes imposes a tax on transfers, in trust or otherwise, from a resident of this state, of real property situated in the state, tangible personal property not having an actual situs outside the state and all intangible personal property. Section 12-341 provides that such transfers shall be taxable if made "(d) by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor." It is under the quoted portion of subsection (d) of § 12-341 that the transfers here in issue were held by the Probate Court to be taxable. The appellants claim that this section does not apply unless the settlor's death is "a factor in the devolution of the use or enjoyment of the [trust] property" and that the donor's death was not such a factor in the devolution of the property conveyed under the trust here in issue.

The quoted portion of the statute has been in effect continuously since 1915. Public Acts 1915,

c. 332, § 3; Rev. 1918, § 1270; Rev. 1930, § 1361; Rev. 1949, § 2021; General Statutes § 12-341 (d); see *Miller* v. *Connelly,* 142 Conn. 144, 147, 112 A.2d 202. In the intervening period, its purpose and its meaning have been frequently discussed and defined. Some of the cases construing it are reviewed in *Cochran* v. *McLaughlin,* 129 Conn. 176, 27 A.2d 120. The earlier history of the statute is discussed in *Blodgett* v. *Union & New Haven Trust Co.,* 97 Conn. 405, 410, 116 A. 908, where the effect of reinstating, in the 1915 act, the words "in possession or enjoyment" is emphasized. We there said: "These words mark the difference between a tax on the privilege of succeeding to the property of a decedent, and a tax on the privilege of succeeding to the possession and enjoyment of property which the decedent has conveyed away during his lifetime reserving only a right to the income during his own life." See *Blodgett* v. *Guaranty Trust Co.,* 114 Conn. 207, 217, 158 A. 245, aff'd, 287 U.S. 509, 53 S. Ct. 244, 77 L. Ed. 463. It is the right of possession or enjoyment of property rather than the vesting in interest which is the basis of the tax. *Dolak* v. *Sullivan,* 145 Conn. 497, 502, 144 A.2d 312.

In *Hackett* v. *Bankers Trust Co.,* 122 Conn. 107, 187 A. 653, several trusts were involved in which the life income was variously reserved to the settlor, given to others, or given to the settlor's wife with a successive life use to the settlor if he survived her, and we (p. 116) "disclaimed any valid distinction between transfers reserving a life use to the transferor and those giving the life use to another, with remainder over," citing *Bryant* v. *Hackett,* 118 Conn. 233, 244, 171 A. 664. "The statute . . . has been consistently construed by this court as intended to reach, for the purpose of taxa-

tion, the shifting of the enjoyment of property—the economic benefits thereof or economic interest therein—from a former owner at his death, even though such shifting of enjoyment followed necessarily from a prior transfer of title inter vivos." *Miller* v. *Connelly,* supra, 148; *Fabian* v. *Walsh,* 134 Conn. 456, 460, 58 A.2d 384. We have said that "the policy of the law is that the owner of property shall not defeat or evade the tax upon inheritances by any form of conveyance or transfer where at or after death the income, profit or enjoyment inures to the benefit of those who are not exempt." *Bryant* v. *Hackett,* supra.

The question, then, is when did the donees, or any of them, come into possession or enjoyment of their beneficial interests in the property conveyed? The distinction to be made is between the time when title vests and the time when possession or enjoyment becomes effective. If the latter occurred at the time of the donor's death, the transfers are taxable. The intent of the donor in the present case is plain. It is that his death should mark the time when the actual possession or enjoyment of the property should pass to such beneficiary or beneficiaries as he had directed were to receive it at that time. The plaintiffs, in substance, assert that only where the settlor of the trust has retained either an interest or a power, or both, with respect to the property transferred, does a conveyance in trust logically become subject to the succession tax because, only in such cases, does the settlor's death become a factor in the devolution of the use or enjoyment of the property, that is, in the shifting of enjoyment or economic benefit from the settlor to the beneficiary at the time of the settlor's death. This proposition is answered in *Bryant* v. *Hackett,*

supra, where, after discussing the policy of the statute as already quoted, we said: "This purpose and policy might be as completely defeated by a transfer of property in such a way that the owner has parted with all control and dominion over it as by one where he reserves such control. Such a reservation might perhaps make taxable a transfer which otherwise would not be, but the lack of it does not prevent the taxation of transfers falling within the terms of the statute."

In the present case, the donor reserved no right to revoke or modify the trust and retained no direct benefit to himself from the income during his life. Whether the provision entitling him to a trustee's fee should be considered the retention of a benefit need not be decided because the stipulated facts do not show that the trustees ever voted him such a fee, and no issue is made of the point by the parties. Although he parted with the legal title by his conveyance to the trustees in 1937, he expressly limited the enjoyment of the property, either income or principal, until the date of his death, and, indeed, until his death, it could not be determined who of the beneficiaries named would come into the immediate possession or enjoyment of the beneficial interest at that date. We look to the situation at the time of the donor's death rather than to the situation at the time of the transfer and review the sequence of events in the order of the actual rather than the possible. *Bridgeport-City Trust Co.* v. *Sullivan,* 146 Conn. 184, 187, 148 A.2d 549; *Fabian* v. *Walsh,* supra, 459; *Bryant* v. *Hackett,* supra, 247. We said in *Fabian* v. *Walsh,* supra: "[I]n spite of all the events which might affect the rights of the beneficiaries before the death of the settlor, it was that death which definitely fixed those rights, and

. . . the transfers were intended to take effect at the death of the transferor and were taxable." See also *Bridgeport-City Trust Co.* v. *Sullivan,* supra.

To the question in the reservation, "Did the Probate Court for the District of Woodbury err in holding that said transfer in trust under agreement dated December 27, 1937, was taxable under the provisions of Section 12-341 (d) of the Connecticut General Statutes?" we answer, "No."

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.