[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DATED MAY 25, 1990
To prevail on a motion for summary judgment, a party must first show that there is no genuine issue as to any material fact and, second, that he is entitled to judgment as a matter of CT Page 890 law. Practice Book 384. In this case, there being no genuine issue as to any material fact, this court need only resolve the question of law concerning the taxability of certain real estate transfers.
On February 16, 1972, the decedent and her husband conveyed a parcel of real estate to Lena B. North reserving to themselves ". . . a life use in said premises, which life use shall extend for the life of the survivor of them." On the same day, they conveyed another parcel of land to Elsie B. Scaglia with the same reservation. The decedent-grantor died on August 14, 1988, and was survived by the husband-grantor. The issue before the court is whether or not General Statutes 12-341b(d) imposes a succession tax on such transfers.
It is clear from the language of the reservation in the deeds that the intent of each of the transferors was that possession and enjoyment of the property would take effect at or after their deaths. Quoting from Worcester County National Bank v. Commissioner of Corporations and Taxation, 175 N.E. 726, 729, our supreme court, in Blodgett v. Guaranty Trust Co., 114 Conn. 207, at page 219, stated "The policy of the law is, that the owner of property shall not defeat or evade the tax by any form of conveyance or transfer, where after death the income, profit or enjoyment enures to the benefit of those who are not exempted." See also Heffernan v. Freedman, 177 Conn. 476.
The 1972 transfers of the decedent's interest in the real property are found to be taxable under 12-341b(d), The plaintiff's motion for summary judgment is granted.
BARRY, J.